UNITED STATES of America,
Plaintiff-Appellee,

v.

Saul SANFORD, Defendant-Appellant.

No. 81–1169X.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 15, 1981.

Decided April 5, 1982.

J. Frank McCabe, San Francisco, Cal., for defendant-appellant.

Eric A. Fischer, Asst. U. S. Atty., San Francisco, Cal., for plaintiff-appellee.

Before SCHROEDER, NELSON and CANBY, Circuit Judges.

NELSON, Circuit Judge:

Appellant, Saul Sanford, appeals from separate convictions for the crime of possession and concealment of counterfeit notes and the crime of transfer and delivery of such notes. He was sentenced to serve three years for the first offense and two years for the second offense, the sentences to run consecutively. On the facts of this case, the two offenses charged were in reality only one offense for which consecutive sentences are improper. Accordingly, we vacate the sentences imposed and remand for resentencing.

## I. FACTS AND PROCEDURAL CONTEXT

On December 10, 1980, appellant Saul Sanford was charged in one count with possession and concealment of counterfeit Federal Reserve notes under 18 U.S.C. § 472, and in a second count with transfer and delivery of such notes under 18 U.S.C. § 473. In a recorded telephone conversation, appellant had agreed to meet Leroy Jones, the key prosecution witness, at a doughnut shop in Oakland at noon on December 2, 1980. A Secret Service agent searched Jones and his car, and followed him to the meeting place. Jones was then seen entering Sanford's car near the doughnut shop. Jones returned immediately from the meeting with twenty counterfeit hundred dollar bills and handed them over to the Secret Service agent, as planned. Jones testified that Sanford had given him these bills. There is no evidence, however, that Sanford possessed the notes for which he is charged in count one at any time prior to the moment of transfer.

Before trial, appellant moved to suppress the contents of the recorded telephone conversation on the ground that neither party had consented to the recording of the call. A declaration of a government agent produced at the suppression hearing stated that Jones had consented. The court denied appellant's motion. The same agent testified at trial that Jones knew that the conversation was being recorded.

Upon cross-examination of Jones, defense counsel elicited the testimony that Jones had agreed to cooperate with the government only after having been arrested himself for possession of other counterfeit notes. Counsel then asked the witness where he had obtained those notes. Jones responded that he had obtained them from Saul Sanford. While questioning Jones at trial, counsel for the government prompted him to reveal that he had a heart condition which had rendered him unable to testify two days earlier.

Sanford was tried before a jury and found guilty on both counts of the indictment. On March 16, 1981, he was sentenced to the custody of the Attorney General for three years on count one and two years on count two, the sentences to run consecutively.

## II. CONSENT TO THE RECORDING OF A CONVERSATION

The first question raised by appellant is whether the district court was correct in finding that Jones' consent to the recording of the conversation was adequately established within the meaning of 18 U.S.C.

§ 2510 *et seq.*, making proper that court's refusal to suppress the tape recording of the phone conversation. We hold that the district court's finding was correct.

██ The question before us is one of the existence of consent, with no accompanying issue of voluntariness. It is presented as a statutory rather than a constitutional matter. Under these circumstances, we have no difficulty concluding that the standard of review that applies is the clearly erroneous standard. *See United States v. Brandon*, 633 F.2d 773, 776 (9th Cir. 1980); *United States v. Thompson*, 558 F.2d 522, 524–25 (9th Cir. 1977), *cert. denied*, 435 U.S. 914, 98 S.Ct. 1466, 55 L.Ed.2d 504 (1978); *United States v. Dubrofsky*, 581 F.2d 208, 212 (9th Cir. 1978); *United States v. Page*, 302 F.2d 81, 83 (9th Cir. 1962) (en banc).

██ From the declaration presented at the suppression hearing as well as from the statements at trial, it is apparent that the lower court's finding of consent is not clearly erroneous. Testimony at trial may be used to sustain the denial of a motion to suppress evidence, even if such testimony was not given at the suppression hearing. *Carroll v. United States*, 267 U.S. 132, 162, 45 S.Ct. 280, 288, 69 L.Ed. 543, 555 (1925); *Rocha v. United States*, 387 F.2d 1019, 1021 (9th Cir. 1967), *cert. denied*, 390 U.S. 1004, 88 S.Ct. 1247, 20 L.Ed.2d 104 (1968). In addition, this Circuit has held that in order to establish consent it is ordinarily enough to show that a party engaged in a conversation knowing it was being taped. *United States v. Glickman*, 604 F.2d 625, 634 (9th Cir. 1979), *cert. denied*, 444 U.S. 1080, 100 S.Ct. 1032, 62 L.Ed.2d 764 (1980). Testimony at trial and at the suppression hearing, thus, both support the lower court's finding of consent which is not clearly erroneous.

## III. IMPROPER TEMPORARY ADMISSION OF PREJUDICIAL EVIDENCE

██ The second question raised by appellant is whether a mistrial is warranted due to the fact that the trial court admitted and then struck Jones' testimony concerning his heart condition. In the case at bar, the trial judge, in the presence of the jury, clearly ruled the evidence irrelevant and "out" of the case, but only after he had let the evidence in. Then, the court reaffirmed the exclusion of the evidence by telling the jury to disregard any evidence ordered stricken by the court. In *United States v. Johnson*, 618 F.2d 60 (9th Cir. 1980), this court discussed whether a mistrial is warranted when a trial judge improperly admits allegedly prejudicial evidence, but subsequently orders the evidence stricken and gives curative instructions:

> Although curative instructions are not always effective, *see, e.g., Fiswick v. United States*, 329 U.S. 211, 218, 67 S.Ct. 224, 228, 91 L.Ed. 196 (1946), we have stated that we must assume that the jury followed the curative instruction. *See, e.g., United States v. Brady*, 579 F.2d 1121, 1127 (9th Cir. 1978); *United States v. Price*, 577 F.2d 1356, 1366 (9th Cir. 1978). To proceed properly we must weigh the forcefulness of the instruction and the conviction with which it was given against the degree of prejudice generated by the evidence. *See United States v. Taylor*, 603 F.2d 732, 735–36 (8th Cir. 1979); *United States v. Eng*, 241 F.2d 157, 160–61 (2d Cir. 1957). In fixing the degree of prejudice, the probative force of the inadmissible evidence must be compared with that of the admissible evidence which supports the verdict. *Id.*

618 F.2d at 62.

In the case at bar, the two instructions given by the trial judge clearly outweigh any minor prejudice that may have been caused by the disclosure of Jones' heart condition.

Appellant contends that prejudice arose from the prosecution's attempt to arouse jury sympathy for the witness. Even admitting such attempts, a prosecution witness who has agreed to cooperate with the government after his own arrest is not likely to arouse the same sympathy as a victim of a crime. The jury was made aware of Jones' arrangement with the government by the testimony of Jones and the questions asked by defense counsel. In order to as-

sess the amount of prejudice caused, the probative force of the inadmissible evidence should be compared with that of the admissible evidence which supports the verdict. In the case at bar, there is no question that there is a great deal of evidence supporting the verdict and little force to the tainted evidence.

■ The trial judge is in the best position to determine the probable impact of the evidence on the jury. His judgment must be accorded deference. *United States v. Bagley*, 641 F.2d 1235, 1240 (9th Cir. 1981). A motion for a mistrial is directed to the sound discretion of the trial court, and its determination will be upset only upon a showing that that discretion has been abused. *United States v. Gardner*, 611 F.2d 770, 777 (9th Cir. 1980). No such showing has been made in this case.

## IV.  INEFFECTIVE ASSISTANCE OF COUNSEL

■ The third question raised by appellant is whether he was denied effective assistance of counsel within the meaning of the Sixth Amendment. At trial, appellant's counsel asked Jones who had given him certain counterfeit notes, the possession of which led to Jones' arrest. Jones responded that he had received them from Sanford. Appellant now claims that asking the question constituted ineffective assistance of counsel. To constitute ineffective assistance, the defense counsel's error or omission must reflect a failure to exercise the skill, judgment, or diligence of a reasonably competent criminal defense attorney acting as a diligent and conscientious advocate. *Cooper v. Fitzharris*, 586 F.2d 1325, 1330 (9th Cir. 1978) (en banc), *cert. denied* 440 U.S. 974, 99 S.Ct. 1542, 59 L.Ed.2d 793 (1979). The United States Supreme Court has described the standard as assistance "within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 1449, 25 L.Ed.2d 763, 773 (1970). A mere error by counsel is not enough. There must be a serious dereliction, not just a common human error. *Cooper*, 586 F.2d at 1330.

Ninth Circuit law also requires that the defendant have the burden of proof to show that he was prejudiced by counsel's actions. *United States v. Winston*, 613 F.2d 221, 223 (9th Cir. 1980).

■ In the case at bar, there is neither the serious dereliction, nor the prejudice, necessary to support the claim of ineffective assistance of counsel.

## V.  CONSECUTIVE SENTENCES

■ The final question in this case is whether the district court impermissibly sentenced appellant consecutively for the two separate counts of the indictment. We hold that it did.

■ To determine whether there has been only one offense when multiple punishments have been imposed, the key inquiry is whether each provision requires proof of an additional fact which the other does not. Then, and only then, is there more than one offense. *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932).

The Ninth Circuit case most on point with the instant case is *United States v. Oropeza*, 564 F.2d 316, 323 (1977), *cert. denied*, 434 U.S. 1080, 98 S.Ct. 1276, 55 L.Ed.2d 788 (1978), which held that when the sole evidence of possession is found in the distribution transaction, distribution of heroin and possession with intent to distribute the substance merge into one offense for which consecutive punishments may not be imposed. Cases from other circuits, relied upon in *Oropeza*, offer substantial support for this proposition. *See, e.g., United States v. Stevens*, 521 F.2d 334, 336–37 (6th Cir. 1975); *United States v. Curry*, 512 F.2d 1299, 1305–06 (4th Cir.), *cert. denied*, 423 U.S. 832, 96 S.Ct. 55, 46 L.Ed.2d 50 (1975); *cf. United States v. Howard*, 507 F.2d 559, 563 (8th Cir. 1974) (cannot convict of both distribution of heroin and lesser included offense of simple possession arising out of same facts). Although *Oropeza* does not involve the same statute as the instant case, its logic is persuasive here, and it is, of course, an application of the *Blockburger*

test. It fully supports our holding that when there is no evidence of possession apart from the evidence of transfer, two punishments may not be imposed. Accordingly, we vacate the sentences imposed for the two convictions and remand to the trial court for resentencing in accordance with this opinion.

JUDGMENT OF CONVICTION AFFIRMED, SENTENCES VACATED, AND CAUSE REMANDED FOR RESENTENCING.