**UNITED STATES of America,
Plaintiff/Appellee,**

v.

**KAHAN & LESSIN CO. and Landstrom
Distributors, Inc.,
Defendants/Appellants.**

Nos. 81–1584, 81–1585.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 8, 1982.

Decided Nov. 12, 1982.

John C. Fricano, Skadden, Arps, Slate, Meagher & Flom, Washington, D.C., for Kahan.

Edward P. Davis, Jr., Rankin, O'Neal, Center, Luckhardt, Marlais, Lund & Hinshaw, San Jose, Cal., for Landstrom.

Nancy C. Garrison, Bruce Pearson, Kenneth L. Jost, Richard Pierce, Washington, D.C., for United States.

Before FARRIS and CANBY, Circuit Judges, and SOLOMON *, Senior District Judge.

## PER CURIAM:

Four health food distributors were indicted for conspiring to restrain trade by agreeing to fix prices, terms, and conditions of sale of natural foods, vitamins, and cosmetics, in violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. Two of them, Nature's Best and Tree of Life West, entered pleas of nolo contendere before trial. A jury convicted the remaining two, Kahan & Lessin Co. (K&L) and Landstrom Distributors, Inc. (Landstrom).

K&L and Landstrom appeal. We AFFIRM.

## FACTS

Appellants K&L and Landstrom were the only full-line health food distributors in California before 1974. In 1973–74, Nature's Best and Tree of Life West entered the health food market and offered special discounts to compete with appellants.

The government established that during four meetings these four distributors agreed to eliminate elements of price competition by not offering distributor-originated discounts at trade shows, by terminating rebates, imposing split case charges and interest charges, limiting discounts, and by agreeing on convention specials.

## ISSUES

Appellants here contend that:

1) the indictment is invalid because of intrusions by unauthorized persons during the grand jury proceedings;

2) the indictment failed to allege an agreement, an essential element of a conspiracy;

3) a letter to K&L from an unindicted health food distributor regarding new listing prices was improperly admitted in evidence;

* The Honorable Gus J. Solomon, Senior United States District Judge for the District of Oregon, sitting by designation.

4) appellants were deprived of needed testimony because of the failure to grant them access to their witnesses or to grant these witnesses immunity;

5) evidence of meetings that were held before the time set forth in the indictment was improperly admitted;

6) the evidence was at variance with the indictment;

7) the jury was erroneously instructed on the government's per se antitrust theory;

8) proof of an agreement was inadequate; and

9) appellants were denied a fair trial because of the government's misconduct.

## DISCUSSION

■ Appellants contend that the indictment should be dismissed because unauthorized persons intruded into the grand jury proceedings in violation of Fed.R.Crim.P. 6(d). The District Court found that the grand jury proceedings halted during the inadvertent intrusions. The Fourth Circuit Court of Appeals in *United States v. Computer Sciences Corp.,* 689 F.2d 1181 (1982), found that five separate unauthorized intrusions were "rare, inadvertent, and non-prejudicial", and reversed the trial judge's dismissal of the indictment. We hold that when there were no proceedings during the inadvertent intrusions into the grand jury room, dismissal is not warranted. *United States v. Rath,* 406 F.2d 757 (6th Cir.), *cert. denied,* 394 U.S. 920, 89 S.Ct. 1196, 22 L.Ed.2d 453 (1969).

There is no merit in appellants' contention that the indictment failed to allege an agreement. As appellants acknowledge, paragraph eight did allege an agreement; it was not necessary for every subsection of the following paragraph to reallege an agreement.

■ Appellants contend that the District Court erred in admitting Government's Exhibit 3, a letter to K&L from an unindicted health food distributor discussing new listing prices. Evidentiary rulings may only be reversed for an abuse of discretion. Here there was no abuse. Nevertheless, the error, if any, was harmless in light of other evidence on the agreement on new listing prices. *Cf. United States v. Hollingshead,* 672 F.2d 751, 755 (9th Cir.1982) (evidentiary error is subject to the harmless error provision of Fed.R.Crim.P. 52(a)).

■ Appellants contend that they were deprived of needed testimony because the government would not extend immunity to a number of their witnesses. We reject that contention because appellants failed to show that the testimony would have been favorable to them. Under the standard of review set forth in *United States v. Garner,* 663 F.2d 834, 839 (9th Cir.1981), *cert. denied,* 456 U.S. 905, 102 S.Ct. 1750, 72 L.Ed.2d 161 (1982), the case upon which appellants rely, there is no error in the absence of evidence that the witnesses would have testified favorably.

■ Appellants also contend that they were deprived of a number of witnesses because the government actively discouraged these witnesses from cooperating. The District Court gave appellants access to at least one witness during the trial, and appellants have failed to show that they were denied access to the other witnesses. Even when the government hid witnesses, the court in *United States v. Cook,* 608 F.2d 1175, 1181 (9th Cir.1978), *cert. denied,* 444 U.S. 1034, 100 S.Ct. 706, 62 L.Ed.2d 670 (1980), held that the defense was not unduly handicapped when the defendant had access to the witnesses during the trial. There was no error here.

■ Appellants contend that questions asked by government counsel entitled them to a mistrial. Counsel asked one witness whether he was a codefendant with K&L in a related antitrust treble damage civil action. The District Court disallowed the question and cautioned the jury. Counsel also asked a number of witnesses about meetings held before the commencement of the conspiracy as alleged in the indictment. Again, the District Court disallowed the questions, and cautioned the jury. The trial judge can cure many evidentiary errors with appropriate cautionary instructions, as

was done here. *United States v. Sanford,* 673 F.2d 1070, 1072 (9th Cir.1982). As with other evidentiary rulings, on motions for mistrial the trial court has broad discretion, and its rulings will not be reversed unless there was an abuse of that discretion that unfairly prejudiced the appellants. *Id.* 1073. The denial of the motion for mistrial and the later motion for a new trial did not constitute an abuse of discretion nor is it reversible error.

· Appellants assert that the government failed to prove that they agreed to eliminate all trade show discounts. Here the indictment itself limits the definition of "trade show discounts" to "discounts offered to customers by distributors ... in which the discounts originate with the distributors." The government limited its evidence to old products in accordance with the bill of particulars. This was proper.

■ Appellants assert that the trial judge erred by instructing the jury on the government's per se theory. Although caution must be exercised against blind applications of the per se rule, the Supreme Court recently reaffirmed the per se rule for price fixing cases in *Arizona v. Maricopa County Medical Society,* —— U.S. ——, 102 S.Ct. 2466, 73 L.Ed.2d 48 (1982) (health insurance maximum fee schedule) and *Catalano, Inc. v. Target Sales, Inc.,* 446 U.S. 643, 100 S.Ct. 1925, 64 L.Ed.2d 580 (1980) (horizontal agreement to fix credit terms). Appellants argue that the per se rule should not apply if the price fixing can be shown to have procompetitive justifications. The Supreme Court rejected this argument in *Maricopa County,* 102 S.Ct. at 2477 & n. 23. The instructions on the per se theory were not erroneous.

■ Appellants also assert that the government failed to meet its burden of proof. There is no merit to this contention. We must review the record in the light most favorable to the government to determine whether a rational trier of fact could find appellants guilty beyond a reasonable doubt. *United States v. Fleishman,* 684 F.2d 1329, 1340 (9th Cir.1982). Even without the evidence to which appellants object,

the evidence was ample for the jury to find that defendants agreed to fix prices and other conditions of sale in violation of the Sherman Act. The government produced eyewitnesses from the four meetings, minutes from those meetings, and supporting correspondence and memoranda. The jury could easily have believed those witnesses and the documents establishing the illegal agreements, and not believed defendants' account of the meetings.

■ Lastly, appellants contend that government misconduct requires dismissal of the indictment. We have already discussed the so-called acts of misconduct. These acts considered alone or together do not require reversal. The disclosure of grand jury materials was pursuant to court order and appellants have not established a breach of the attorney-client privilege for any witness. Appellants did not substantiate their assertions of witness threats or coaching and they have no right to use civil process to obtain criminal defense discovery. Whatever prosecutorial misconduct may have occurred does not merit reversal. *Cf. United States v. Fleishman,* 684 F.2d 1329, 1343–44 (9th Cir.1982) (prosecutor's comments regarding defense failure to produce evidence did not violate due process); *United States v. Ochoa-Sanchez,* 676 F.2d 1283, 1289 (9th Cir.1982) (improper question in context of entire trial did not require reversal).

The intrusions into the grand jury proceedings did not invalidate the indictment. The indictment clearly alleges an illegal agreement. The error, if any, in admitting Government's Exhibit 3, was harmless. Appellants failed to show that any prosecutorial coercion regarding witnesses prejudiced their defense. Evidence beyond the indictment was properly admitted for impeachment or other legitimate purposes, or the trial judge gave appropriate cautionary instructions. There was no fatal variance between the indictment and the evidence. The district judge properly instructed the jury on the government's per se antitrust theory. The government proved guilt beyond a reasonable doubt. Whatever gov-

**1126**

ernmental misconduct occurred did not warrant dismissal of the indictment.

The defendants had a fair trial and were convicted on all counts by evidence sufficient to prove their guilt beyond a reasonable doubt.

AFFIRMED.