**UNITED STATES of America, Plaintiff,**

v.

**Pablo Castenada ADRIATICO, Defendant.**

**No. CR–R–86–21–ECR.**

United States District Court, D. Nevada.

June 6, 1986.

Donald Cavin Hill, Asst. U.S. Atty., Reno, Nev., for plaintiff.

Annabelle Whiting Hall, Reno, Nev., and Eugene Lorenz, Bakersfield, Cal., for defendant.

## ORDER

EDWARD C. REED, Jr., District Judge.

Defendant, Pablo Castenada Adriatico, filed a motion to dismiss the Indictment, pursuant to Fed.R.Crim.P. 8(a), and 12(b). In support of his motion, defendant argues that the Indictment is multiplicious. The Government filed its response in opposition. Trial is set in this case on June 10, 1986.

Defendant is charged with ten counts of Possession of Counterfeit Federal Reserve Notes under 18 U.S.C. § 472. Each count lists a separate counterfeit one hundred dollar bill. All ten bills were found at one time in an envelope in the cab of a pickup truck defendant was driving.

Defendant contends that the simultaneous possession of the ten counterfeit one hundred dollar bills constitutes but one offense of possession. Defendant relies upon *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), a seminal case concerning multiplicitous offenses. In *Blockburger*, the Supreme Court sets out the following test: "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not (citation omitted)." *Id.* at 304, 52 S.Ct. at 182. Defendant argues that because all of

---

the bills were in one place, only one charge of possession is proper. Apparently defendant asserts that each count requires proof of identical facts. In the present case, however, defendant is charged with possessing ten different counterfeit one hundred dollar bills. As possession of each bill must be proven independently of all the other bills, each count requires proof of a different fact. Thus, the *Blockburger* test is satisfied as to the defendant in the present case.

Defendant's reliance on *United States v. Sanford*, 673 F.2d 1070 (9th Cir.1982) is also misplaced. In that case, appellant was charged in one count with possession and concealment of twenty counterfeit Federal Reserve Notes under 18 U.S.C. § 472 and in a second count with transfer and delivery of the same notes under 18 U.S.C. § 473. The court applied the *Blockburger* test in concluding that possession and transfer of the same counterfeit notes constitute a single offense where there is no evidence of possession apart from the evidence of transfer. *Id.* at 1074. Unlike the appellant in *Sanford*, the defendant in the present case is charged with only one crime for each counterfeit bill found in his possession. The focus of the court in *Sanford* was that possession and transfer were the same offense. As the appellant in *Sanford* was not charged separately for each of the twenty counterfeit bills found in his possession, the court never reached the question of whether possession of separate bills constituted separate offenses.

In opposition to defendant's motion, the Government asserts that *Logan v. United States*, 123 F. 291 (6th Cir.1903), the only circuit case on divisibility of possession charges under a counterfeiting statute, supports the Indictment in this case. The defendant in *Logan* was found in possession of two forged national bank notes and was convicted on a separate count for each note. In upholding the convictions, the court stated: "The keeping, just as the making and the passing, of each forged note, is, or may be treated as, a separate and distinct offense." *Id.* at 293.

Similarly, in *United States v. LeMon*, 622 F.2d 1022 (10th Cir.1980), appellant was convicted on four counts of counterfeiting United States currency under 18 U.S.C. § 471. Appellant argued that since he had made the notes using a single press that printed four notes simultaneously he was guilty of only one offense. In upholding all four counts of counterfeiting, the court noted that the "manifest purpose of the counterfeiting statute is the protection of all currency and obligations of the United States (citation omitted)," and that "[t]his protection extends to each item of the United States monetary system." *Id.* at 1024. To extend protection to each item of the United States monetary system would require that in the present case possession of each counterfeit note be a separate offense.

That each note be the basis of a separate offense is also supported by the wording of 18 U.S.C. § 472. The statute does not prohibit possession of counterfeit bills generally; instead, it expressly prohibits possession of "any falsely made, forged, counterfeited, or altered obligation or other security of the United States." *Id.* The inclusion of the word "any" in the context of the statute expresses Congressional intent that possession of any single counterfeit bill is an independent and divisible offense.

The Ninth Circuit has used the same logic in determining the divisibility of offenses. In *United States v. Alverson*, 666 F.2d 341 (9th Cir.1982), the court held that simultaneous possession of three unregistered machine guns constituted three separate offenses. In reaching its decision, the court noted that the relevant statute, 26 U.S.C. § 5861(d), made it unlawful to possess "a" firearm, rather than firearms generally. The court concluded that § 5861(d) expresses a clear Congressional intent to make possession of each firearm a separate crime. The language in 18 U.S.C. § 472 making it a crime to possess or conceal "any" counterfeited security reflects similar Congressional concern.

In *United States v. Kennedy*, 726 F.2d 546 (9th Cir.1984), appellant submitted

three documents to a bank, all making the same false statement. Appellant was convicted on three counts of making false statements to a federally insured bank under 18 U.S.C. § 1014. Appellant asserted that the indictment was multiplicitous because all the statements were made to obtain a single loan. Applying *Blockburger,* the court found that each count required proof that the others did not and therefore the three counts were not multiplicitous. *Id.* at 548. The court noted that, "[u]nder this test, separate sentences may be imposed for each false document or set of false documents submitted to the bank," and further, "[i]t is the false statement, not the anticipated loan, which defines the crime." *Id.* at 548.

IT IS, THEREFORE, HEREBY ORDERED that defendant's motion to dismiss the Indictment is DENIED.