955 F.2d 48
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Kirk MITCHELL, Defendant-Appellant.
 No. 91-10101.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 5, 1991.
Decided Feb. 19, 1992.
 
 Before FLETCHER, WIGGINS and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Kirk Mitchell appeals from the judgment of the district court reversing a federal magistrate's grant of his motion to suppress. Mitchell argued that the arresting officers did not have reasonable suspicion to justify their investigatory stop of his vehicle. We have jurisdiction over the appellant's timely appeal under 28 U.S.C. § 1291. We affirm.
 
 BACKGROUND
 
 3
 Mitchell was arrested at 2:18 a.m. on October 15, 1989, while driving on the Presidio military base in San Francisco. He was arrested for driving under the influence after he was pulled over for failure to stop when directed to do so by an officer at an accident scene.
 
 
 4
 Mitchell, driving a black Suzuki Jeep, was travelling southbound when he saw the accident scene. At the scene, the military police had set up two traffic control points using their police cars as barricades. Each car was parked across both lanes of traffic, and both had their headlights and emergency lights on. Mitchell stopped some distance from the scene and observed several cars being turned away from the roadblock. He then proceeded to drive up to and around the first barricade. The first officer, Officer Mullins, immediately jumped out of his car and ordered Mitchell to stop. Officer Mullins saw Mitchell look directly at him and then continue on past the barricade and into the accident scene. Officer Mullins then radioed for the second officer to stop Mitchell at the other barricade. The second officer, Officer Mehegan, stepped in front of Mitchell's car as he drove towards him and used hand signals to get him to stop. Officer Mehegan testified that one of the reasons he stopped Mitchell's car was to determine why Mitchell had failed to stop at the first barricade.
 
 
 5
 Officer Mehegan then approached Mitchell's car and asked for his license and asked him where he was going. The officer smelled alcohol on Mitchell's breath and after Mitchell voluntarily took and flunked several field sobriety tests, the officer arrested him.
 
 
 6
 Prior to trial, Mitchell moved to suppress the evidence obtained as a result of the stop. He claimed that the stop was an unlawful detention in violation of the fourth amendment. The federal magistrate granted Mitchell's motion stating that he did not think that the police had probable cause to stop Mitchell. The government moved for reconsideration arguing that the correct standard was reasonable suspicion and not probable cause. The magistrate denied the motion. The government appealed to the district court. The district court reversed, holding that the correct standard was reasonable suspicion and that the facts demonstrated the officers had met that standard. Mitchell appealed.
 
 DISCUSSION
 
 7
 I. The District Court Properly Reversed The Order To Suppress
 
 
 8
 Whether a police officer had a reasonable suspicion to justify an investigatory stop is a mixed question of law and fact and is therefore reviewed de novo. United States v. Hernandez-Alvarado, 891 F.2d 1414, 1416 (9th Cir.1989). The district court's factual findings are reviewed for clear error. United States v. McConney, 728 F.2d 1195, 1200 (9th Cir.1984) (en banc ). An appellate court may use evidence presented at trial in ruling on an appeal of a pre-trial motion to suppress. Carroll v. United States, 267 U.S. 132, 162 (1925); United States v. Sanford, 673 F.2d 1070, 1072 (9th Cir.1982).
 
 
 9
 A. The Reasonable Suspicion Standard Is The Standard Applicable To The Officers' Decision To Stop Mitchell.
 
 
 10
 It is well established that a police officer may make an investigatory stop if he is aware of specific articulable facts upon which he may base a reasonable suspicion that the suspect is engaged in criminal activity. United States v. Cortez, 449 U.S. 411, 417 (1981). Even a well-founded suspicion of a traffic violation can constitute adequate grounds for a brief investigatory stop. See Delaware v. Prouse, 440 U.S. 648, 663 (1978); United States v. Fouche, 776 F.2d 1398, 1402 (9th Cir.1985). The determination of this question must be based on the totality of the circumstances as known to the officer at the time of the stop. United States v. Cortez, 449 U.S. at 418. An officer does not need probable cause in order to make a limited investigatory stop and frisk. Terry v. Ohio, 392 U.S. 1, 27 (1967).
 
 
 11
 B. The Military Police Had Articulable Facts Upon Which To Base A Reasonable Suspicion That Mitchell Had Committed A Crime.
 
 
 12
 The district court properly concluded that the police had a reasonable suspicion that Mitchell was violating § 2800 of the California Vehicle Code. Officer Mullins clearly ordered Mitchell to stop at the first barricade. He saw Mitchell look at him and then continue around the barricade, ignoring his order to stop. Under § 2800 Mitchell is required to obey the lawful orders of a law enforcement officer. There is no question that traffic regulation is part of a police officer's duty and Officer Mullins' decision to stop a car which was trying to penetrate a police roadblock was clearly within the scope of that duty. The desire to preserve evidence at the accident scene and to protect motorists from the danger presented by the gasoline which had leaked onto the road provided sufficient justification for Officer Mullins to have ordered Mitchell to stop when he tried to enter the accident scene. Mitchell's failure to obey Officer Mullins is an articulable fact which supports Officer Mehegan's reasonable suspicion that Mitchell had committed a crime. Officer Mehegan saw Mitchell drive around the barricade, he saw Mitchell ignore Officer Mullins order to stop and he heard Officer Mullins request that Mitchell be stopped. It is clear that on these facts Officer Mehegan's belief that Mitchell violated section 2800 was reasonable and justifies the investigatory stop.
 
 CONCLUSION
 
 13
 A police officer does not need probable cause in order to make an investigatory stop. He may make a stop on a reasonable suspicion that the suspect has committed a crime, provided he can point to specific articulable facts to support that suspicion. Mitchell failed to obey Officer Mullins' order to stop. That fact gave rise to Officer Mehegan's reasonable suspicion that Mitchell had violated section 2800 of the California Vehicle Code. Thus, Officer Mehegan was justified in briefly stopping Mitchell.
 
 
 14
 The district court's reversal of the order to suppress is AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3