12 F.3d 1109
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark CHAMBERS, Defendant-Appellant.
 No. 93-10109.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1993.*
Decided Dec. 6, 1993.
 
 Before: CHOY, GOODWIN, and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The sole issue on appeal is whether the district court erred by not suppressing evidence obtained pursuant to a warrantless search. We agree with the district court that Chambers' arrest was supported by probable cause and accordingly, the seized evidence was admissible. We affirm.
 
 
 3
 "Probable cause exists when, under the totality of the circumstances known to the arresting officers, a prudent person would have concluded that there was a fair probability that the defendant had committed a crime." United States v. Potter, 895 F.2d 1231, 1233-34 (9th Cir.) (internal quotation omitted), cert. denied, 497 U.S. 1008 (1990). Here, the stipulated facts relied upon by the district court clearly indicate that Chambers was arrested because he was a participant in the drug transaction. Accordingly, we conclude that probable cause existed to support the warrantless arrest.[1] See United States v. Garza, 980 F.2d 546, 550 (9th Cir.1992). Evidence seized incident to that lawful arrest was properly admitted at trial. See United States v. Green, 962 F.2d 938, 942 (9th Cir.1992).
 
 
 4
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 It is not necessary for us to resort to the trial testimony to uphold the district court's finding of probable cause, but "testimony at trial may be used to sustain the denial of a motion to suppress evidence, even if such testimony was not given at the suppression hearing." United States v. Sanford, 673 F.2d 1070, 1072 (9th Cir.1982), citing Carroll v. United States, 267 U.S. 132, 162 (1925). Chambers relies on Rocha v. United States, 387 F.2d 1019 (9th Cir.), cert. denied, 390 U.S. 1004 (1968), in arguing that this court should restrict its review to the facts established at the suppression hearing. This reliance is misplaced. The court in Rocha noted that "an appellate court will not ordinarily limit itself to the testimony received at a pretrial motion to suppress, but will also consider pertinent testimony given at the trial." Id. at 1021 (citations omitted). But because the motion to suppress was renewed at trial, the trial court inquired whether the parties desired to submit additional evidence. The parties did not do so, and both counsel agreed that, in deciding the renewed motion to suppress, only the transcript of the pretrial motion be considered. id. Here, not only was the motion to suppress not renewed at trial, but there was no agreement between the parties as there was in Rocha