**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10384 |
| Plaintiff-Appellee, | D.C. No. 2:18-cr-01398-SPL-1 |
| v. | |
| JAVIER MERAZ-CAMPOS, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Argued and Submitted November 20, 2020
Phoenix, Arizona

Before: BYBEE, MURGUIA, and BADE, Circuit Judges.
Partial Concurrence and Partial Dissent by Judge MURGUIA

Defendant-Appellant Javier Meraz-Campos appeals his conviction and

sentence for importation of and possession with intent to distribute 500 grams or

more of methamphetamine. He alleges the district court erred by (1) denying his

motion to suppress evidence from the search of his vehicle, (2) granting the

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

government's motion to preclude his affirmative defense of duress, and (3) issuing a procedurally erroneous and substantively unreasonable sentence. For the following reasons, we affirm.[1]

1. We review a district court's decision not to hold an evidentiary hearing for abuse of discretion. *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000). Contrary to Meraz-Campos's contentions, the district court offered him the opportunity to call witnesses and present evidence at the motions hearing. Meraz-Campos did not call any witnesses. This is not error. *See United States v. Hernandez*, 424 F.3d 1056, 1060 (9th Cir. 2005) ("We see no abuse of discretion where the relief sought is offered but not accepted.").

The district court did not err in denying Meraz-Campos's motion to suppress. We review a district court's denial of a suppression motion de novo and the underlying factual findings for clear error. *United States v. Brobst*, 558 F.3d 982, 991 (9th Cir. 2009). The exclusionary rule encompasses only evidence obtained due to, or stemming from, an "unlawful search." *Wong Sun v. United States*, 371 U.S. 471, 484 (1963). The search conducted here was not unlawful. *United States v. Flores-Montano*, 541 U.S. 149, 152–53 (2004) ("Searches made at the border . . . are reasonable simply by virtue of the fact that they occur at the

---

[1] We grant the government's Motion to File Under Seal, Dkt. Nos. 53, 54.

border." (citation and alteration omitted)).  The use of a drug detector dog is irrelevant because reasonable suspicion was not required for the border search.  *See Hernandez*, 424 F.3d at 1058–60 (affirming denial of suppression motion where government argued reasonable suspicion was not required for border search); *United States v. Chaudhry*, 424 F.3d 1051, 1052–54 (9th Cir. 2005) (same); *United States v. Cortez-Rocha*, 394 F.3d 1115, 1118 n.1 (9th Cir. 2005) (as amended) (same).  The fact that Customs and Border Patrol (CBP) officers had reasonable suspicion cannot serve to heighten the standard attached to the border search.  *See United States v. Tsai*, 282 F.3d 690, 694–95 (9th Cir. 2002) (holding that where a warrant requirement "is dispensed with, as at the border . . . it does not offer *extra* protection to that subset of those subject to search to whom heightened suspicion attaches").

Nor did the district court err in determining that the drug detector dog was not the basis of the physical search.  Officer Duarte's testimony at trial, **ER 90,** is sufficient to support the district court's determination.  *United States v. Sanford*, 673 F.2d 1070, 1072 (9th Cir. 1982) ("Testimony at trial may be used to sustain the denial of a motion to suppress evidence, even if such testimony was not given at the suppression hearing." (citations omitted)).

2.      We affirm the district court's exclusion of Meraz-Campos's affirmative defense of duress. We review the district court's decision de novo and "may affirm the district court's evidentiary ruling on any grounds supported by the record." *United States v. Ibarra-Pino*, 657 F.3d 1000, 1003, 1005 (9th Cir. 2011). To present an affirmative defense of duress to the jury, Meraz-Campos was required to establish a prima facie showing of duress by providing sufficient evidence to establish: "(1) an immediate threat of death or serious bodily injury, (2) a well-grounded fear that the threat will be carried out, and (3) lack of a reasonable opportunity to escape the threatened harm." *Id.* at 1004 (quoting *United States v. Vasquez-Landaver*, 527 F.3d 798, 802 (9th Cir. 2008)).

Meraz-Campos failed to establish that he lacked a reasonable opportunity to escape the threatened harm. On the day of his arrest, Meraz-Campos had a reasonable opportunity to escape by informing the CBP officer about the methamphetamine at primary inspection. This was a reasonable opportunity to escape. *See Ibarra-Pino*, 657 F.3d at 1005 ("The opportunity to surrender to the authorities on reaching a point of safety presents an opportunity to escape the threatened harm."); *see also United States v. Moreno*, 102 F.3d 994, 997–98 (9th Cir. 1996). While Meraz-Campos raised the specter of harm to his family, the record evidence indicates that his family lives in California, not Mexico. Thus,

4

Meraz-Campos failed to establish that he lacked a reasonable opportunity to escape, and exclusion of his duress defense was not error.

3. We review sentencing decisions for abuse of discretion, first considering "whether the district court committed significant procedural error," and then "consider[ing] the substantive reasonableness of the sentence." *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). Meraz-Campos "failed to raise [the] alleged procedural errors before the district court," and therefore we "review for plain error." *United States v. Christensen*, 732 F.3d 1094, 1101 (9th Cir. 2013). He "must show that: (1) there was error; (2) the error was plain; and (3) the error affected [his] substantial rights." *Id.*

Meraz-Campos has failed to show that the district court's errors affected his substantial rights because he has not demonstrated a "reasonable probability that he would have received a different sentence" in the absence of the error. *Id.* at 1102. The district court stated at sentencing that it did not find the duress defense credible and focused on numerous other factors to support the sentence, including deterrence, protection of the public, the "overwhelming" evidence presented at trial, and the "staggering amount" of methamphetamine involved. Meraz-Campos has therefore failed to show reversible procedural error in his sentencing.

Meraz-Campos has also failed to demonstrate that his sentence was substantively unreasonable considering "the totality of the circumstances." *Carty*, 520 F.3d at 993 (citation omitted). We give substantial deference to the district court's sentence selection. *See Gall*, 552 U.S. at 51. The district court here imposed "a sentence within the range recommended by the Guidelines," and therefore its decision "is fully consistent with the Commission's judgment in general." *Rita v. United States*, 551 U.S. 338, 350 (2007). While we do not attach a presumption of reasonableness to sentences within the applicable guidelines, *Carty*, 520 F.3d at 994, the sentence here is reasonable. The district court applied multiple downward adjustments, based on mitigating factors, to reach the applicable guidelines range. Then, on the basis of the severity of the offense, the large amount of almost pure methamphetamine, and the potential widespread harm, the district court issued the maximum sentence under the applicable guidelines. Meraz-Campos's disagreement with his sentence does not make it unreasonable.

**AFFIRMED.**

6

*United States v. Meraz-Campos*, No. 19-10384

MURGUIA, Circuit Judge, concurring in part and dissenting in part:

I agree that the district court did not abuse its discretion in denying Meraz-Campos's suppression motion without a full evidentiary hearing, but I would reverse the district court's judgment because the court improperly excluded Meraz-Campos's duress defense. Accepting Meraz-Campos's proffer supporting his duress defense as "true in its entirety," *United States v. Chi Tong Kuok*, 671 F.3d 931, 947 (9th Cir. 2012), I conclude that Meraz-Campos has provided sufficient evidence to make a prima facie showing of duress. Although the government offered to introduce evidence contradicting Meraz-Campos's contentions that he and his family were under an immediate threat from which he could not reasonably escape, the credibility of Meraz-Campos's testimony and the credibility of the evidence he proffered in support of his defense should have been a question for the jury. *See United States v. Contento-Pachon*, 723 F.2d 691, 695 & n.2 (9th Cir. 1984) ("We acknowledge that the record in this case will support a finding of guilty. The problem is that there has been evidence tendered which, if found credible by the jury, would justify a determination that [the defendant] acted under duress. A defendant has the right to have a jury resolve the disputed factual issues."). Even though there may have been other evidence that strongly supported Meraz-Campos's conviction, he had a right to present his duress defense to the jury

once he proffered sufficient evidence to make a prima facie showing for the three elements of this defense. The jury, not the court, should be tasked with determining his credibility in light of any contradictory evidence proffered by the government. Accordingly, I would reverse the judgment of the district court and remand for a jury to consider Meraz-Campos's duress defense.