NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 29 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-50252 |
| Plaintiff-Appellee, | |
| | D.C. Nos. |
| | 5:19-cr-00091-JGB-3 |
| v. | |
| CARLOS ALBERTO ZAVALA-HUERTA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted September 14, 2021
Pasadena, California

Before: GOULD, BERZON, and COLLINS, Circuit Judges.

Defendant-Appellant Carlos Zavala-Huerta appeals his criminal convictions

for: (1) conspiracy to possess with the intent to distribute at least fifty grams of

methamphetamine; and (2) possession with the intent to distribute at least fifty

grams of methamphetamine. Zavala also appeals his 120-month sentence on these

counts. We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291. We

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

affirm.

1.      Zavala argues that the district court erroneously ruled that law enforcement lacked the reasonable suspicion needed to detain him before his arrest.  We review de novo district court rulings on reasonable suspicion.  *Ornelas v. United States*, 517 U.S. 690, 691 (1996); *United States v. Zapien*, 861 F.3d 971, 974 (9th Cir. 2017).  Law enforcement may detain a suspect if they have reasonable and articulable suspicion of criminal activity.  *Terry v. Ohio*, 392 U.S. 1, 21–22 (1968).  In determining whether reasonable suspicion exists, we consider the "totality of the circumstances of each case to see whether the detaining officer has a particularized and objective basis for suspecting legal wrongdoing."  *United States v. Arvizu*, 534 U.S. 266, 273 (2002) (internal quotation marks and citations omitted).  Law enforcement officers can draw on their experience and training to make inferences from and deductions about the cumulative information available to them that might elude an untrained person.  *United States v. Cortez*, 449 U.S. 411, 418–19 (1981).  Conduct ordinarily viewed as innocent on a stand-alone basis may, when aggregated, form the basis of reasonable suspicion.  *Arvizu*, 534 U.S. at 274–75; *United States v. Valdes-Vega*, 738 F.3d 1074, 1080 (9th Cir. 2013) (en banc).

        The record establishes that law enforcement knew of several facts that gave them a particularized and objective basis for suspecting that Zavala was engaging in methamphetamine trafficking.  Wiretaps revealed that certain conspirators

arranged a $10,000 loan for a methamphetamine transaction. Law enforcement seized $9,900 from a co-conspirator soon thereafter. Officers searched a co-conspirator's home and found a methamphetamine lab, large sums of cash, and drugs. An undercover officer used a co-conspirator's cell phone to arrange a methamphetamine transaction at a specific location. A co-conspirator called the undercover officer upon arriving at this location with Zavala, who was driving a separate vehicle, and both the co-conspirator and Zavala parked in the location directed by the officer, near a Nissan Armada in a restaurant parking lot. The co-conspirator motioned for Zavala to re-position his vehicle and Zavala complied. And the officers knew from their training and experience that co-conspirators sometimes arrive at drug transactions in separate vehicles.

As such, the officers had the reasonable suspicion necessary to detain Zavala. *See Arvizu*, 534 U.S. at 273–75; *Cortez*, 449 U.S. at 419; *United States v. Mayer*, 560 F.3d 948, 956 (9th Cir. 2009) (stating that we "may affirm the denial of a motion to suppress on any basis fairly supported by the record" (quotation marks and citation omitted)).[1]

---

[1] Zavala maintained for the first time at oral argument that trial evidence may be considered in determining whether a motion to suppress was properly denied only if the motion to suppress was renewed during trial. Our cases do not reflect that distinction. *See United States v. Sanford*, 673 F.2d 1070, 1071–72 (9th Cir. 1982); *see also United States v. Thomas*, 211 F.3d 1186, 1191–92 (9th Cir. 2000); *United States v. Wilson*, 7 F.3d 828, 833 (9th Cir. 1993). We have relied on trial evidence to uphold denial of a motion to suppress whether or not the motion was renewed.

2.      Zavala contends that officers detained him for an unreasonably long time and lacked probable cause to search his vehicle. But his arguments to that effect consist of bare assertions unsupported by citations to the record or legal analysis. As a result, these issues are arguably waived. *See Greenwood v. F.A.A.*, 28 F.3d 971, 977 (9th Cir. 1994) (explaining that we "will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim" (citations omitted)). In any case, Zavala was only detained for approximately ten minutes before a drug detection dog arrived, during which time the officers questioned Zavala about the contents of his car; that was a reasonable time for officers to effectuate their purpose of investigating whether Zavala was in possession of methamphetamine. *See United States v. Sharpe*, 470 U.S. 675, 686 (1985). And the officers had probable cause to search Zavala's vehicle after the dog alerted to narcotics hidden therein, a point Zavala has conceded. *See Florida v. Harris*, 568 U.S. 237, 248–50 (2013).

3.      Zavala maintains that the district court improperly denied him safety valve relief based on an incorrect factual finding that he failed to truthfully provide the government with all of the information and evidence he had on his offenses. We examine such factual findings for clear error, *United States v. Mejia-Pimental*, 477 F.3d 1100, 1103 (9th Cir. 2007), which exists only when the district court takes an impermissible view of the evidence, *United States v. Hinkson*, 585 F.3d 1247,

4

1259–61 (9th Cir. 2009) (en banc).

Defendants are eligible for safety valve relief from mandatory minimum sentences only if, *inter alia*, they can establish by a preponderance of the evidence that they truthfully provided the government with all of the information and evidence that they have regarding their offenses. *See* 18 U.S.C. § 3553(f)(5); *Mejia-Pimental*, 477 F.3d at 1103–04. The evidence available to the district court during sentencing cast some doubt on whether Zavala had done so here.

Initially, this evidence indicated that Zavala's statements concerning the individual who supplied him with methamphetamine to take from Mexico to the United States were implausible or incomplete. Zavala's defense at trial had been that he was coerced by a high-level drug trafficker into carrying drugs across the border. But the government's expert witness on drug trafficking investigations stated that couriers who, like Zavala, are entrusted with taking drugs to the United States *and* bringing money back to Mexico are considered more trustworthy by drug traffickers, and so are unlikely to be individuals who were duped or pressured into bringing the drugs across the border. And, contrary to Zavala's statements at trial, one of his co-conspirators testified that Zavala told the co-conspirator methamphetamine was hidden in the gas tank of his vehicle and helped the co-conspirator retrieve the drugs from the car.

As such, the district court's factual finding that Zavala failed to truthfully

5

provide the government with all the information he had on his offenses is not clearly erroneous. *See Hinkson*, 585 F.3d at 1259–61.

**AFFIRMED.**