NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 16 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MIKAL JONES and ANGELA ANDERSON,<br><br>              Plaintiff-Appellants,<br><br>   v.<br><br>COUNTY OF TULARE, CALIFORNIA; MICHAEL BOUDREAUX, in his capacity as Sheriff, County of Tulare, California; MICHAEL TORRES, Individually and in his capacity as Deputy Sheriff, County of Tulare, California,<br><br>              Defendant-Appellees. | No.   24-4783<br><br>D.C. No.<br>1:17-cv-01260-SKO<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Sheila K. Oberto, Magistrate Judge, Presiding

Submitted January 8, 2026**
San Francisco, California

Before: NGUYEN and BENNETT, Circuit Judges, and MATSUMOTO,***
District Judge.

---

         *       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

         **       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

         ***       The Honorable Kiyo A. Matsumoto, United States District Judge for the Eastern District of New York, sitting by designation.

Plaintiff-Appellants Mikal Jones and Angela Anderson appeal the district court's final judgment after a three-day jury trial resulting in a verdict in favor of Defendants County of Tulare, California and Michael Torres in both his individual and official capacity. Plaintiffs challenge the district court's ruling on the admissibility of a photograph, Exhibit J-14 ("J-14").

We uphold a district court's evidentiary rulings unless the district court abuses its discretion.[1] *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 141 (1997) (first citing *Old Chief v. United States*, 519 U.S. 172, 174 n.1 (1997); and then citing *United States v. Abel*, 469 U.S. 45, 54 (1984)). "A district court abuses its discretion when it applies the incorrect legal standard or if, akin to a district court's factual findings, its 'application of the correct legal standard was (1) illogical, (2) implausible, or (3) without support in inferences that may be drawn from the facts in the record.'" *Unicolors, Inc v. H&M Hennes & Mauritz, L.P.*, 52 F.4th 1054, 1063 (9th Cir. 2022) (quoting *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)). "Even if the district court abused its discretion by excluding evidence, its ruling will be reversed only if the error was prejudicial." *Sidibe v. Sutter Health*, 103 F.4th 675,

---

[1] Plaintiffs argue that this appeal presents a mixed question of law and fact with a predominant legal question so this Court should review the district court's decision *de novo*. We agree, however, with Defendants' position that this appeal presents the question of whether the district court appropriately excluded or admitted evidence, so the district court's decision is reviewed for abuse of discretion.

691 (9th Cir. 2024). We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm the judgment.

Plaintiffs argue that the district court erred by determining during jury deliberations that J-14, a photograph admitted during Anderson's trial testimony, was erroneously admitted into evidence. Anderson testified that she took the photograph on May 13, 2017. After it was revealed that J-14 was not taken on that date, the district court ruled that J-14 would be excluded from evidence with a curative instruction to the jury or, alternatively, would remain in the record if the parties stipulated that J-14 was taken on the date indicated by the photograph's metadata. Plaintiffs' counsel suggested, and Defendants' counsel agreed to, a stipulation stating that J-14 was taken in September 2017, as indicated by the metadata.

Plaintiffs also argue that the district court erred by rejecting their proposed clarifying statement to accompany the parties' stipulation, which would have stated that Anderson believed that J-14 accurately represented what the property looked like on May 13, 2017. Plaintiffs do not, however, appeal the jury's special verdict finding that Plaintiffs failed to show by a preponderance of the evidence that Defendants used an unauthorized route to reach the canal on Plaintiffs' property.

After learning that J-14 lacked a proper foundation, the district court did not abuse its discretion in instructing the parties to draft and present a stipulation. *See*

3

Fed. R. Evid. 901. If a district court learns that evidence has been erroneously admitted into the record, it may respond by either excluding the evidence from the record and providing the jury with a curative instruction or it may declare a mistrial if a curative instruction will not sufficiently mitigate the potential prejudice of the erroneously admitted evidence. *See United States v. Sanford*, 673 F.2d 1070, 1072 (9th Cir. 1982) (citing *United States v. Johnson*, 618 F.2d 60, 62 (9th Cir. 1980)).

Here, Plaintiffs attempted to authenticate J-14 through their witness, Anderson, who testified that she took the photograph on May 13, 2017, the day of the incident giving rise to Plaintiffs' action. J-14's metadata, however, undermined Anderson's testimony by indicating that J-14 was taken and modified on September 5, 2017. Anderson's testimony, thus, no longer served as a proper foundation that J-14 was taken on May 13, 2017. The district court responded by applying the proper standard for erroneously admitted evidence and ultimately reading to the jury a stipulation to correct the error.

Plaintiffs failed to elicit testimony from Anderson that the photograph was an accurate depiction of how the property appeared on May 13, 2017. Rather, Anderson testified only to taking the photograph on May 13, 2017, and that the photograph depicted Gate C and an "adjacent gate."[2] As noted above, however, J-14's metadata

---

[2] Anderson also testified to being at work during the May 13, 2017, incident, so she could not testify as an eyewitness as to how the property appeared during the incident.

4

indicated that J-14 was taken in September 2017. The district court, therefore, did not abuse its discretion in denying Plaintiffs' request to clarify that Anderson believed J-14 accurately represented what the property looked like on May 13, 2017.

Although Plaintiffs dispute on appeal whether Defendants entered Plaintiffs' property through Gate C or the adjacent gate, the parties had disposed of this issue by a stipulation prior to trial. Further, the question before the jury was not whether Defendants entered Plaintiffs' property through an unauthorized *gate* but whether they used an authorized *route* to reach the canal. The jury's special verdict found that Plaintiffs failed to show that Defendants used an unauthorized route. Plaintiffs do not challenge this special verdict finding on appeal. Because J-14 depicts only the gate through which Defendants entered Plaintiffs' property, any evidentiary error with respect to the district court's handling of J-14 was harmless. *See Crawford v. City of Bakersfield*, 944 F.3d 1070, 1077 (9th Cir. 2019) ("[A]n error will support reversal only if it 'more probably than not tainted the verdict.'" (quoting *Wilkerson v. Wheeler*, 772 F.3d 834, 838 (9th Cir. 2014))).

**AFFIRMED**.