**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Alan D. LeMON, Defendant-Appellant.**

**No. 79–1684.**

United States Court of Appeals,
Tenth Circuit.

Submitted April 10, 1980.

Decided June 4, 1980.

Ronald L. Rencher, U. S. Atty. and Steven W. Snarr, Asst. U. S. Atty., Salt Lake City, Utah, for plaintiff-appellee.

---

William G. Marsden of Roe & Fowler, Salt Lake City, Utah, for defendant-appellant.

Before PICKETT, McWILLIAMS and DOYLE, Circuit Judges.

PICKETT, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). This cause is therefore ordered submitted without oral argument.

This is an appeal from a judgment of the United States District Court for the District of Utah denying a motion brought under the provisions of 28 U.S.C. § 2255 to vacate a judgment and sentence in a criminal case. The basic claim is that LeMon was charged, convicted and sentenced on a four-count information for counterfeiting United States currency, when, in fact, he was guilty of only one offense.[1]

Each count of the information required proof of a $100 federal reserve note which was not the same description as those described in the other counts. The district court assumed, and the parties apparently agree, that the notes were made simultaneously on a press designed to process the four notes in one action. The statute under which the charges were filed provides: "Whoever, with intent to defraud, falsely makes, forges, counterfeits, or alters any obligation or other security of the United States shall be fined not more than $5,000 or imprisoned not more than fifteen years, or both." 18 U.S.C. § 471.

The argument is that the making of the four notes at the same time constituted only one act of counterfeiting. It is contended that Bell v. United States, 349 U.S. 81, 75 S.Ct. 620, 99 L.Ed. 905 (1955), is dispositive of the question. The trial court disagreed, holding that the operation of the printing machine designed to produce four separate and distinct counterfeit notes from one plate, ostensibly for the purpose of facilitating their circulation, constituted separate violations of the statute. We agree with this analysis. Furthermore, we are satisfied that this is not a Bell case. That case involved the simultaneous interstate transportation of two women in the same vehicle for immoral purposes, in violation of 18 U.S.C. § 2421, commonly known as the Mann Act. The Court, while recognizing the power of Congress to provide for multiple sentences in such cases, held that the statute did not disclose such intent in clear and unambiguous language. Long before Bell this court held that the gist of a Mann Act violation is the interstate transportation, and that under the statute if more than one female is transported at the same time in one vehicle there is only one violation. Robinson v. United States, 143 F.2d 276 (10th Cir. 1944); cf. Castle v. United States, 287 F.2d 657 (5th Cir.), rev'd, 368 U.S. 13, 82 S.Ct. 123, 7 L.Ed.2d 75 (1961), involving the interstate transportation of forged notes.

The Supreme Court, in various factual situations, has considered the question of whether a single act may constitute more than one violation of a statute or the violation of two separate statutes. It is now well settled that unless the intent of Congress is shown to the contrary in clear and unambiguous language multiple sentences for one act are not permissible. This was the holding in the Bell case. In Ebeling v. Morgan, 237 U.S. 625, 35 S.Ct. 710, 59 L.Ed. 1151 (1915), the Court sustained multiple sentences for opening several mail bags in one robbery, holding that the intent of the statute is to protect each mail bag. In Ladner v. United States, 358 U.S. 169, 79 S.Ct. 209, 3 L.Ed.2d 199 (1958), the Court held that there could be only one prosecution where a single shot from a firearm

---

1. The court sentenced LeMon to the maximum imprisonment and fine on each count, the sentences to run concurrently. These sentences were affirmed on appeal. *United States v. LeMon*, United States Court of Appeals, Tenth Circuit, unpublished opinion No. 76–1316, filed November 4, 1976.

injured more than one person. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), appears to be the leading case on the subject. It upheld multiple sentences for sales of narcotics which closely followed each other. The Court stated that the statute was not directed at the business of selling narcotics, but at unauthorized sales, and that each sale was a violation, regardless of how close together they were.[2] In support of its conclusion, the Court quoted from *Ebeling v. Morgan, supra*, as follows:

> These words plainly indicate that it was the intention of the lawmakers to protect each and every mail bag from felonious injury and mutilation. Whenever any one mail bag is thus torn, cut, or injured, the offense is complete. Although the transaction of cutting the mail bags was in a sense continuous, the complete statutory offense was committed every time a mail bag was cut in the manner described, with the intent charged. The offense as to each separate bag was complete when that bag was cut, irrespective of any attack upon, or mutilation of, any other bag. [284 U.S., at 303, 52 S.Ct. at 182]

The *Blockburger* rule has been applied in the context of former jeopardy cases. *Jeffers v. United States*, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977); *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *cf. Iannelli v. United States*, 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975). See also *Simpson v. United States*, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978). The latest decision of the Supreme Court on the question of consecutive sentences is *Whalen v. United States*, —— U.S. ——, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980). In that case, Whalen was given consecutive sentences in a District of Columbia court for rape and killing the same victim in the perpetration of rape. The Court recognized the *Blockburger* rule and the *Bell* decision, and held that the statute did not authorize multiple sentences.

The manifest purpose of the counterfeiting statute is the protection of all currency and obligations of the United States. *Dunbar v. United States*, 156 U.S. 185, 15 S.Ct. 325, 39 L.Ed. 390 (1895); *Brooks v. United States*, 76 F.2d 871 (5th Cir. 1935). This protection extends to each item of the United States monetary system. The statute is not directed at a method of counterfeiting or the course of action employed by a counterfeiter in producing the counterfeit items, but in clear and unambiguous language prohibits the counterfeiting of "any obligation or other security of the United States." One act of counterfeiting cannot be included within another act of counterfeiting. It matters not when or how the counterfeit notes are made. Each is a violation of the statute.

It is also urged that the court's judgment and sentence is void because the process employed by the sentencing judge was an abuse of discretion affecting constitutional rights of LeMon. It is argued that the court failed to give consideration to pertinent facts and disregarded all presentence information when sentence was pronounced. We begin with the general rule that in the federal judicial system the trial judges have broad discretion in pronouncing sentences in criminal cases, and sentences within the statutory limits are not subject to review. *United States v. Grayson*, 438 U.S. 41, 98 S.Ct. 2610, 57 L.Ed.2d 582 (1978); *Dorszynski v. United States*, 418 U.S. 424, 94 S.Ct. 3042, 41 L.Ed.2d 855 (1974); *United States v. Tucker*, 404 U.S. 443, 92 S.Ct. 589, 30 L.Ed.2d 592 (1972); *United States v. MacClain*, 501 F.2d 1006 (10th Cir. 1974); *Cooper v. United States*, 403 F.2d 71 (10th Cir. 1968). See also *Roberts v. United States*, —— U.S. ——, 100 S.Ct. 1358, 63 L.Ed.2d 622 (1980), and 18 U.S.C. § 3577. The courts have held, however, that sentences are subject to appellate review if

---

**2.** The Court quoted from Wharton's Criminal Law, 11th ed., § 34, note 3, as follows: "The test is whether the individual acts are prohibited, or the course of action which they constitute. If the former, then each act is punishable separately . . . . If the latter, there can be but one penalty." 284 U.S., at 302, 52 S.Ct. at 181.

(1) they are based upon misinformation of constitutional magnitude. *Roberts v. United States, supra; United States v. Tucker, supra; Townsend v. Burke*, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948); and

(2) when no discretion is exercised in pronouncing sentence. *Dorszynski v. United States, supra; Woosley v. United States*, 478 F.2d 139 (8th Cir. 1973).

█ LeMon and his brother Gary were found guilty as charged on January 9, 1976. A third defendant had previously entered a plea of guilty. The sentencing proceedings were on March 9, 1976, where LeMon appeared with his counsel. Prior to the sentencing the court was furnished a report by the probation officer. An oral report was made in open court by the probation officer and a representative of the United States District Attorney's office. At the hearing a full opportunity for allocution as required by Rule 32 of the Federal Rules of Criminal Procedure was permitted. The evidence discloses that LeMon and his associates entered into a counterfeiting scheme of large proportions. A press designed to print $100 federal reserve notes was purchased and a warehouse rented to house the operation. At the time of the arrest more than $5,000,-000 in counterfeit currency had been printed. There were indications that the counterfeiting was to continue. A codefendant in charge of disposing of the counterfeit currency had made arrangements for its sale outside the State of Utah. The court had complete information concerning the age and personal life of LeMon, which disclosed no previous major criminal offenses. The record discloses no improprieties of the trial judge in discharging his duty in the imposition of the sentence which are subject to relief in a Section 2255 proceeding.

AFFIRMED.