PUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                                        No. 01-4344

ROBERT T. BENNAFIELD,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Henry C. Morgan, Jr., District Judge.
(CR-00-57)

Argued: February 28, 2002

Decided: April 30, 2002

Before WILKINS, LUTTIG, and GREGORY, Circuit Judges.

---

Affirmed in part, vacated in part, and remanded by published opinion.
Judge Wilkins wrote the opinion, in which Judge Luttig and Judge
Gregory joined.

---

## COUNSEL

**ARGUED:** Oldric Joseph Labell, Jr., Newport News, Virginia, for
Appellant. Robert Edward Bradenham, II, Assistant United States
Attorney, Norfolk, Virginia, for Appellee. **ON BRIEF:** Paul J.
McNulty, United States Attorney, Norfolk, Virginia, for Appellee.

---

**OPINION**

WILKINS, Circuit Judge:

Robert T. Bennafield appeals his convictions and sentences for two counts of possession of a controlled substance, *see* 21 U.S.C.A. § 844(a) (West 1999), arguing, *inter alia*, that his convictions are unconstitutionally duplicative. We affirm in part, vacate in part, and remand for resentencing.

I.

On June 9, 2000, Bennafield was driving a rental van when he was stopped by Newport News police detectives. Accompanying Bennafield was a male passenger, Dekal Flocker, who was seated in the second row of seats. When the van stopped, Bennafield fled on foot while Flocker remained in the vehicle. As he fled, Bennafield threw to the ground a bag that was later determined to contain cocaine base; another bag containing a mixture of powder cocaine and cocaine base was recovered from his person after his arrest. The total weight of these substances was determined to be 6.66 grams.

An inventory search of the vehicle revealed a pair of blue denim shorts on the floorboard under the rear row of seats. Inside one pocket of the shorts was a plastic bag containing 109.9 grams of cocaine base. A subsequent analysis of human DNA isolated from a stain on an inside pocket of the shorts eliminated Flocker but not Bennafield as a contributor of the DNA.

Bennafield was indicted by a federal grand jury on two counts. Count One alleged that he "knowingly and intentionally possess[ed] with intent to distribute approximately 6.66 grams of cocaine base," J.A. 9, and Count Two alleged the same with regard to 109.9 grams of cocaine base. *See* 21 U.S.C.A. § 841(a) (West 1999). Prior to trial, Bennafield requested in writing that the jury be instructed on the offense of simple possession of a controlled substance, which he contended was a lesser included offense of the crimes charged in the indictment.

At trial, the district court charged the jury regarding simple possession, as Bennafield had requested. The jury acquitted Bennafield of the two counts of possession with the intent to distribute but convicted him of two counts of simple possession. On a special verdict form, the jury found with regard to Count One that the substance at issue was "at least" five grams of a mixture containing cocaine base,[1] J.A. 298, and with regard to Count Two that the substance was 50 grams or more of a mixture containing cocaine base. Bennafield received two concurrent 213-month sentences with three years supervised release and two $100 special assessments.

## II.

Bennafield first argues that his two convictions were unconstitutionally duplicative because his conduct amounted only to a single violation of § 844(a). Because Bennafield's objection is raised for the first time on appeal, our review is for plain error. *See United States v. Olano*, 507 U.S. 725, 731-32 (1993). In order to establish our authority to notice an error not preserved by timely objection, Bennafield must demonstrate that an error occurred, that the error was plain, and that the error affected his substantial rights. *See id.* at 732. To be plain, an error must be "clear" or "obvious," *id.* at 734 (internal quotation marks omitted), at least by the time of appeal, *see Johnson v. United States*, 520 U.S. 461, 468 (1997). And, to affect substantial rights, an error must be prejudicial to the appellant. *See United States v. Hastings*, 134 F.3d 235, 240 (4th Cir. 1998). Even if Bennafield can satisfy these requirements, correction of the error remains within our discretion, which we "should not exercise . . . unless the error 'seriously affect[s] the fairness, integrity or public reputation of judicial proceedings.'" *Olano*, 507 U.S. at 732 (second alteration in original) (quoting *United States v. Young*, 470 U.S. 1, 15 (1985)).

We turn first to the question of whether Bennafield was properly convicted of two § 844(a) violations for his simultaneous possession of multiple packages of cocaine base. This inquiry, in turn, requires

---

[1]The relevant portion of the statute of conviction requires an amount that "exceeds" five grams to warrant a sentence of more than three years imprisonment. 21 U.S.C.A. § 844(a). We need not address this discrepancy because we vacate the Count One conviction on other grounds.

us to determine "[w]hat Congress has made the allowable unit of prosecution" under 21 U.S.C.A. § 844(a). *Bell v. United States*, 349 U.S. 81, 81 (1955) (internal quotation marks omitted). To do so, we must look to the language of the statute, being mindful that any ambiguity must be resolved in favor of the defendant under the rule of lenity. *See id.* at 83.

Section 844(a) makes it unlawful for any person "knowingly or intentionally to possess a controlled substance" unless certain exceptions apply. 21 U.S.C.A. § 844(a). It also states that, in specified circumstances, "a person convicted under this subsection for the possession of a mixture or substance which contains cocaine base shall be imprisoned not less than 5 years and not more than 20 years."[2] *Id.* Nothing in this language clearly demonstrates that Bennafield's simultaneous possession of the separate packages of cocaine base constituted multiple offenses. It is true that through a literal construction of the statute, we could conclude that the terms "a mixture" and "a . . . substance" refer to a single mixture or substance, and therefore that possession of separate packages constitutes multiple offenses. However, "[t]he Supreme Court has cautioned . . . that the question of what constitutes the allowable unit of prosecution 'cannot be answered merely by a literal reading' of the statute." *United States v. Dunford*, 148 F.3d 385, 390 (4th Cir. 1998) (quoting *United States v. Universal C.I.T. Credit Corp.*, 344 U.S. 218, 221 (1952)). Indeed, in *Dunford*, we held that language similar to that of § 844(a) was ambiguous regarding whether simultaneous illegal possession of multiple firearms and ammunition in one's home constituted multiple crimes. *See Dunford*, 148 F.3d at 390 (interpreting 18 U.S.C.A. § 922(g) (West 2000), which makes it unlawful for any member of a certain class to "possess . . . any firearm or ammunition"). Accordingly, we hold that § 844(a) does not unambiguously provide that simultaneous possession of multiple packages of cocaine base in close proximity to one another constitutes multiple crimes. *See United States v. Dixon*, 921 F.2d 194, 196 (8th Cir. 1990) (holding that when officers stopped defendant leaving his hotel and found cocaine both on his person and under the bed in his hotel room, only one possession offense was

---

[2]We need not decide whether the latter language defines a separate crime. *See United States v. Stone*, 139 F.3d 822, 828-34 (11th Cir. 1998) (per curiam) (recognizing circuit split).

committed). *But cf. United States v. Grandison*, 783 F.2d 1152, 1156 (4th Cir. 1986) (holding that Congress intended that simultaneous possession of *multiple drugs of different schedules* would constitute multiple offenses under 21 U.S.C.A. § 841(a) "[b]ecause different penalties are provided for possession with intent to distribute drugs listed in different schedules"). In view of the similarity of this case to *Dunford*, we conclude that *Dunford* is controlling and that the error was therefore plain.[3]

The Government contends that even if the district court plainly erred in entering judgment against Bennafield on both counts, the error did not affect Bennafield's substantial rights because the district court ordered his sentences to be served concurrently. However, in addition to being subjected to an additional conviction, which itself can have collateral consequences, *see Ball v. United States*, 470 U.S. 856, 865 (1985), Bennafield was prejudiced by the additional $100 special assessment. Accordingly, because the error here was plain and affected Bennafield's substantial rights, and because no significant factor weighs against our correcting it, we exercise our discretion to vacate the Count One conviction and remand for resentencing.[4]

III.

Bennafield also contends that the district court abused its discretion in admitting the 109.9 grams of cocaine base into evidence, contending that the probative value of the evidence is substantially outweighed by the danger that it would cause him unfair prejudice. *See* Fed. R. Evid. 403. We do not perceive any way in which Bennafield

---

[3]The Government argues that Bennafield committed two offenses by actually possessing one quantity of cocaine base and constructively possessing another. However, the Government points to no language in § 844(a) that demonstrates, or even suggests, that actual possession of one quantity of cocaine base and constructive possession of another at the same time and in approximately the same location constitute separate offenses.

[4]Because we vacate the Count One conviction, we do not address Bennafield's other allegations of error regarding that conviction. Nor do we address Bennafield's patently meritless argument that the district court erred in assigning him to Criminal History Category V.

might have been unfairly prejudiced by the admission of this evidence, nor does Bennafield offer one. *See Mullen v. Princess Anne Volunteer Fire Co.*, 853 F.2d 1130, 1134 (4th Cir. 1988) ("All relevant evidence is 'prejudicial' in the sense that it may prejudice the party against whom it is admitted. Rule 403, however, is concerned only with 'unfair' prejudice. That is, the possibility that the evidence will excite the jury to make a decision on the basis of a factor unrelated to the issues properly before it."). Accordingly, we reject this claim.

### IV.

Bennafield next maintains that the Government's expert DNA testimony was not sufficiently probative to constitute sufficient evidence to sustain his Count Two conviction. On review of the sufficiency of the evidence, a verdict "must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it." *Glasser v. United States*, 315 U.S. 60, 80 (1942). We conclude that the evidence was sufficient to support the Count Two conviction.

The Government's DNA expert, Betty Jane Blankenship, obtained DNA from the stain on the shorts and compared it to samples taken from Bennafield and Flocker at eight different genetic loci. She testified that because she was able to obtain only a small amount of DNA from the shorts, she was able to obtain results on only seven of the eight loci. She also stated that the typing results of at least six of the seven loci were consistent with Bennafield's DNA, and the results of the seventh, D5S818, were inconclusive. Using the six conclusive results and assuming that there were two contributors to the DNA stain,[5] Blankenship undertook a numerical analysis of the data. She concluded that Bennafield was 50,000 times more likely to be a contributor than a random black person, 3,000,000 times more likely than a Hispanic, and 13,000,000 times more likely than a white person.

Bennafield claims that Blankenship's testimony was not based on all of the relevant facts because her numerical analysis did not include the results of her examination of locus D5S818. Accordingly, he

---

[5]Blankenship testified that the results obtained from the DNA on the shorts indicated that two different people contributed to that DNA.

argues, her testimony was not sufficiently probative to sustain the Count Two conviction. We disagree. Blankenship considered her examination of locus D5S818 and determined that it did not affect her numerical analysis because she could not determine whether the type results matched Bennafield's DNA. Blankenship's approach in this regard was quite reasonable, and her testimony, if credited by the jury, was sufficient to support the Count Two conviction.

Bennafield also argues that Blankenship's conclusions were faulty because they were based on the assumption that there were two, rather than three, contributors to the DNA obtained from the shorts. However, Blankenship explained why she believed the results were consistent with her assumption that there were two contributors, and the reliability of her conclusions was an issue for the jury to resolve. *See United States v. Griley*, 814 F.2d 967, 975 (4th Cir. 1987).

V.

Bennafield also maintains that the district court erred in charging the jury on the crime of simple possession, arguing that that offense is not a lesser included offense of the crimes charged in the indictment. We need not address whether the instruction constituted error, however, because any error was clearly invited by Bennafield, who specifically requested the jury instruction of which he now complains. *See United States v. Herrera*, 23 F.3d 74, 75-76 (4th Cir. 1994) (holding that when defendant requested instruction on crime that he claimed was lesser included offense of offense charged in indictment, invited error doctrine barred consideration of subsequent claim that instruction should not have been given).

VI.

In sum, because we conclude that Bennafield's illegal conduct amounted only to a single violation of § 844(a), we vacate his Count One conviction and remand for resentencing. Finding no other error, we otherwise affirm.

*AFFIRMED IN PART, VACATED IN PART,*
*AND REMANDED*