# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

No. 02-7600

ROBERT T. BENNAFIELD,

*Defendant-Appellant.*

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Henry C. Morgan, Jr., District Judge.
(CR-00-57, CA-02-134-4)

Submitted: March 14, 2003

Decided: March 28, 2003

Before WILKINS, Chief Judge, and LUTTIG and
GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

Oldric Joseph Labell, Jr., Newport News, Virginia, for Appellant.
Paul J. McNulty, United States Attorney, Robert E. Bradenham II,
Assistant United States Attorney, Norfolk, Virginia, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

## OPINION

PER CURIAM:

Robert T. Bennafield was convicted under 21 U.S.C. § 844(a) (2000) of simple possession of at least five grams of a substance containing cocaine base, Count One, and simple possession of more than fifty grams of a substance containing cocaine base, Count Two. We affirmed Bennafield's conviction on Count Two, vacated as to Count One, and remanded for resentencing. *United States v. Bennafield*, 287 F.3d 370 (4th Cir.), *cert. denied*, ___ U.S. ___, 123 S.Ct. 388 (2002). On remand, Bennafield was sentenced to 213 months imprisonment on Count Two. He moved to vacate the sentence, arguing that his conviction under the fourth sentence of 21 U.S.C. § 844(a) (2000) was improper because that offense is not a lesser included offense of the charge of the indictment, 21 U.S.C. § 841(a) (2000). The district court denied that motion, and Bennafield appealed. We affirm.

Bennafield asserted the issue he now seeks to raise in his brief in his initial direct appeal. In considering this claim, we concluded that, to the extent the jury instruction on simple possession was error, it was invited. *Id.* at 325. Accordingly, we declined to decide whether the offense stated in the fourth sentence of § 844(a) is a lesser included offense of § 841(a).

Under the mandate rule, the district court was "bound to carry the mandate of the upper court into execution and could not consider the questions which the mandate laid at rest." *Sprague v. Ticonic Nat'l Bank*, 307 U.S. 161, 168 (1939). "[W]here an issue was ripe for review at the time of an initial appeal but was nonetheless foregone, the mandate rule generally prohibits the district court from reopening the issue on remand unless the mandate can reasonably be understood as permitting it to do so." *United States v. Ben Zvi*, 242 F.3d 89, 95 (2d Cir. 2001); *see also United States v. Aramony*, 166 F.3d 655, 662 (4th Cir. 1999). A district court may consider issues foreclosed by the mandate in the following "extraordinary circumstances:" (1) change in controlling legal authority, (2) significant new evidence, or (3) a blatant error resulting in serious injustice. *United States v. Bell*, 5 F.3d 64, 67 (4th Cir. 1993).

Here, our mandate vacated the conviction of Count One, affirmed the conviction of Count Two, and remanded for resentencing. Accordingly, Bennafield is not entitled to review of his conviction on Count Two unless he can show "extraordinary circumstances." Because Bennafield has failed to show such circumstances, the district court properly followed the terms of our mandate and declined to consider Bennafield's claim.

Therefore, we affirm in Bennafield's conviction and sentence on Count Two. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*