UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted February 10, 2006
Decided April 13, 2006

**Before**

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. MICHAEL S. KANNE, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

No. 05-3497

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Central District of Illinois |
| *v.* | |
| WESLEY D. MITCHELL, *Defendant-Appellant*. | No. 05-30005-001 |
| | Jeanne E. Scott, *Judge*. |

**O R D E R**

A jury found Wesley Mitchell guilty of two counts of possessing counterfeit currency and one count of attempting to pass counterfeit currency, all in violation of 18 U.S.C. § 472.  The district court sentenced him to three concurrent terms of 24 months' imprisonment and three concurrent terms of three years' supervised release.  Mitchell filed a notice of appeal, but his appointed counsel has moved to withdraw because he is unable to find a nonfrivolous basis for appeal. *Anders v. California*, 386 U.S. 738 (1967).  Counsel's supporting brief is facially adequate, and Mitchell did not respond to our invitation under Circuit Rule 51(b) to explain why he believes his appeal has merit, so we review only the potential issues identified in counsel's brief. *United States v. Tabb*, 125 F.3d 583, 584 (7th Cir. 1997) (per curiam).

Mitchell was arrested after attempting to purchase drinks at a bar for himself and an ex-girlfriend with a counterfeit $20 bill. The bartender's suspicions were aroused by the feel of the bill, so she tested it with a counterfeit marking pen and then called the manager. The manager submitted the bill to his own tests and called the police. Bouncers prevented Mitchell from leaving before the police arrived. As he was escorted out of the bar by the police, one of the bouncers saw him surreptitiously drop a wad of currency that turned out to consist of 18 counterfeit hundred-dollar bills. At the police station, Mitchell was interviewed by a Secret Service agent to whom he admitted that he had manufactured the money in the basement of his grandparents' home using a color printer. He then led police to his grandparents' basement, where they discovered a quantity of uncut currency.

At trial the government presented the testimony of the bartender, the bar manager, the bouncers, the police officers who arrested Mitchell, and the Secret Service agent who both interviewed Mitchell and searched his grandparents' basement. After the government rested its case, Mitchell moved under Federal Rule of Criminal Procedure 29(a) for a judgment of acquittal based on insufficiency of the evidence. The motion was denied. Mitchell then testified that he never intended to defraud anyone and that he bought the printer to make false currency to use as gag gifts at Christmastime. He claimed that he gave the bartender the wrong money by mistake because he was drunk and tired. After the close of the evidence, Mitchell renewed his Rule 29 motion, and also moved for dismissal of the third count on the ground that it was substantively identical to the first count and thus multiplicitous. The district court denied both motions. The jury found Mitchell guilty on all three counts. The district court then calculated a guidelines range of 21 to 27 months and sentenced him within that range to 24 months.

Counsel first considers whether Mitchell might argue that the evidence was insufficient to sustain his conviction. We agree that an appeal on this ground would be frivolous. In responding to a challenge to the sufficiency of the evidence, we ask whether "'*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *United States v. Medina*, 430 F.3d 869, 881 (7th Cir. 2005) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). This test presents a "'nearly insurmountable hurdle.'" *United States v. Moore*, 425 F.3d 1061, 1072 (7th Cir. 2005) (quoting *United States v. Frazier*, 213 F.3d 409, 416 (7th Cir. 2000)).

The three elements required for conviction under 18 U.S.C. § 472 are (1) possession of counterfeit obligations, (2) knowledge that the obligations were counterfeit, and (3) intent to defraud. *United States v. Leftenant*, 341 F.3d 338, 347 (4th Cir. 2003); *United States v. Bolin*, 35 F.3d 306, 309 (7th Cir. 1994). Mitchell's admissions at trial served as proof of the first two elements; the only element in dispute was whether he had the intent to defraud. The government satisfied this element by introducing evidence that Mitchell produced more money than plausibly

necessary for the purported gag gifts, that he brought counterfeit money with him to the bar, and that he did not appear on the night he was arrested to be intoxicated, either to the bar employees or to the officers. From these circumstances, the jury could easily have inferred that Mitchell intended to defraud the recipient of the counterfeit bills.

Counsel also considers whether Mitchell could argue that his convictions for possession in counts one and three should be reversed as multiplicitous. A claim of multiplicity alleges that separate counts in an indictment charge a single offense, creating a risk that the defendant may be punished more than once for a single offense in violation of the Double Jeopardy Clause of the Constitution. *United States v. Cassano*, 372 F.3d 868, 881 (7th Cir. 2004), vacated on other grounds, 125 S. Ct. 1018 (2005) (citing *United States v. Booker*, 543 U.S. 220 (2005)). We review a claim of multiplicity *de novo*. *United States v. Snyder*, 189 F.3d 640, 646 (7th Cir. 1999).

Counsel questions whether the district court ought to have deemed Mitchell to have waived his multiplicity claim by not raising it before trial—*compare United States v. Wilson*, 962 F.2d 621, 626 (7th Cir. 1992), *and United States v. Jackson*, 155 F.3d 942, 947 (8th Cir. 1998), *with United States v. Tucker*, 345 F.3d 320, 337 (5th Cir. 2003), *and United States v. Chacko*, 169 F.3d 140, 145-46 (2d Cir. 1999)—but we need not resolve this question because we agree that any contention that the possession counts should have been charged as one is frivolous. Though we are aware of no specific precedent on possession of counterfeit currency under 18 U.S.C. § 472, possession cases generally have permitted a defendant to be charged with multiple violations of the same statute if the items possessed were stored separately. *See, e.g., United States v. Conley*, 291 F.3d 464, 470 (7th Cir. 2002) (addressing possession of firearms under 18 U.S.C. § 922(g)(1)); *United States v. Griffin*, 765 F.2d 677, 681, 683 (7th Cir. 1985) (addressing possession of cocaine under 21 U.S.C. § 841(a)(1)). As counsel points out, Mitchell "stored" separate amounts of counterfeit currency on his person and in his grandparents' basement. *Cf. Griffin*, 765 F.2d at 682-83 (double jeopardy not violated by charges for possession of packages of cocaine stored separately in defendant's pocket and in his car). Other cases that apply counterfeiting statutes without involving possession are even less favorable to Mitchell. *See, e.g., United States v. LeMon*, 622 F.2d 1022, 1024 (10th Cir. 1980) (holding that *each* counterfeit note constitutes a separate violation of 18 U.S.C. § 471).

Counsel next considers whether Mitchell might argue that the district court erred at sentencing when it applied an adjustment to his base offense level under U.S.S.G. § 2B5.1(b)(2)(A), which provides for an addition of two levels when the defendant has manufactured the counterfeit obligations at issue. Section 2B5.1's Application Note 4 prevents application of subsection 2B5.1(b)(2)(A) where the counterfeit bills were "so obviously counterfeit that they [we]re unlikely to be

accepted even if subjected to only minimal scrutiny," and, counsel posits, Mitchell's bills might fit into this category. Although the guidelines are now advisory, the guidelines range still must be properly calculated. *United States v. Carter*, 410 F.3d 942, 954 (7th Cir. 2005). We review the district court's findings of fact for clear error. *United States v. Blaylock*, 413 F.3d 616, 618 (7th Cir. 2005). It might have been preferable if we had a sample of the counterfeit bills, *see United States v. Barnes*, 188 F.3d 893, 895 (7th Cir. 1999); *United States v. Bollman,* 141 F.3d 184, 187 (5th Cir. 1998) (per curiam), but the record is adequate for purposes of our review. The district court was able to examine one of the notes in determining that they were not so obviously counterfeit as to warrant invocation of Application Note 4. The court's judgment is supported by the uncontroverted testimony at trial that the bartender, the bar manager, and the police all tested the bills with a counterfeit marker, thus indicating that although the bills were suspicious, they were not so obviously counterfeit as to be rejected outright.

Finally, counsel considers whether Mitchell might argue that his sentence was unreasonable because his efforts at counterfeiting were "unsophisticated" and the application of subsection 2B5.1(b)(2)(A) brought him within a guidelines range designed for professional counterfeiters. After *United States v. Booker*, 543 U.S. 220 (2005), we review all sentences for reasonableness in the context of the factors listed in 18 U.S.C. § 3553(a). *See United States v. Vaughn*, 2006 WL 29208, at *5 (7th Cir. Jan. 6, 2006); *United States v. Castro-Juarez*, 425 F.3d 430, 433 (7th Cir. 2005). We agree with counsel that appeal on this ground would be frivolous, since we have already rejected the argument that subsection 2B5.1(b)(2)(A) should apply only when the counterfeiter uses "sophisticated methods." *See United States v. Baronia*, 287 F.3d 607, 608-09 (7th Cir. 2002). Moreover, we perceive no other vulnerability in the sentence. Because it is within the recommended guidelines range, it is presumptively reasonable, *see United States v. Bokhari*, 430 F.3d 861, 864 (7th Cir. 2005); *United States v. Mykytiuk*, 415 F.3d 606, 608 (7th Cir. 2005). The district court need not support its determination with detailed findings; it is enough if we can tell from the record that the relevant factors were considered. *United States v. Welch*, 429 F.3d 702, 705 (7th Cir. 2005); *United States v. Williams*, 425 F.3d 478, 480 (7th Cir. 2005). Here, the district court stated that it considered "all of the sentencing factors" and concluded that sentencing Mitchell within the range was warranted in order to avoid sentencing disparities among defendants with similar records (*see* 18 U.S.C. § 3553(a)(6)) and to reflect the seriousness of the offense (*see* 18 U.S.C. § 3553(a)(2)(A)) .

Accordingly, counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.