UNITED STATES of America,

v.

**Ahmed Muse SALAD, Abukar Osman Beyle, and Shani Nurani Sheikh Abrar, Defendants.**

**Criminal No. 2:11cr34.**

United States District Court,
E.D. Virginia,
Norfolk Division.

Nov. 20, 2012.

Larry Mark Dash, Office of the Federal Public Defender, Norfolk, VA, Claire Grimmer Cardwell, Stone Cardwell & Dinkin PLC, Paul Geoffrey Gill, Office of the Federal Public Defender, Richmond, VA, Lawrence Hunter Woodward, Jr., Shuttleworth Ruloff Swain Haddad & Morecock PC, Virginia Beach, VA, Jason Alan Dunn, Jones, Jones & Dunn, PLC, Chesapeake, VA, Fernando Groene, Fernando Groene, P.C., Williamsburg, VA, James Stephen Ellenson, Law Office of James Stephen Ellenson, Newport News, VA, for Defendant.

Benjamin Lucas Hatch, Joseph E. DePadilla, United States Attorney's Office, Norfolk, VA, Brian James Samuels, United States Attorney's Office, Newport News, VA, for Plaintiff.

### *ORDER*

REBECCA BEACH SMITH, Chief Judge.

This matter comes before the court upon Defendants' Joint Motion to Dismiss Counts 13, 14, and 15 and Memorandum in Support ("Motion"), ECF No. 505, filed on

September 17, 2012. The United States opposed the Motion in its Consolidated Response ("Response"), filed on October 17, 2012. The Defendants filed a Reply ("Reply"), ECF No. 527, on November 1, 2012, and the matter is now ripe for review.

## I. MOTION AND ARGUMENT

The Superseding Indictment charges the Defendants with four (4) counts of Violence Against Maritime Navigation, in violation of 18 U.S.C. § 2280(a)(1)(G). That subsection provides the penalties for a defendant who "injures or kills *any* person in connection with the commission or the attempted commission of any of the offenses set forth in subparagraphs (A) through (F)." 18 U.S.C. § 2280(a)(1)(G) (emphasis added). The four counts reflect separate charges for each American victim killed on board the *Quest*. The Defendants argue that these counts are multiplicitous, because the statute does not identify the individual victim as the "unit of prosecution." Mot. at 4. Specifically, the Defendants insist that the word "any" renders the statute ambiguous, such that the "rule of lenity" requires the court to merge the multiplicitous charges into a single count. *Id.* (citing *United States v. Bennafield*, 287 F.3d 320, 323 (4th Cir.2002)). They argue that the use of the modifier "a" elsewhere in the statute reflects Congress's conscious decision to assign a different, collective unit of prosecution to § 2280(a)(1)(G). *See* Reply at 3.

The United States opposes the Motion. It asserts that the Motion is unripe, in that multiplicity concerns are best resolved at sentencing. Resp. at 150–51. Alternatively, it urges the court to deny the Motion on the merits, and to hold that the Superseding Indictment properly alleged four offenses.

## II. LEGAL STANDARD

■ Congress has broad discretion to define the unit of prosecution for federal offenses. *United States v. Elliott*, 849 F.2d 886, 889 (4th Cir.1988). In order to discern that unit, the court must examine the statutory text, the legislative history, and "the overall statutory scheme." *Id.*; *see also United States v. Dyer*, 750 F.Supp. 1278, 1298 (E.D.Va.1990). If, after such examination, the court determines that the statute is ambiguous, it must "resolve doubts in favor of lenity for the accused." *Elliott*, 849 F.2d at 889 (citing *Bell v. United States*, 349 U.S. 81, 82, 75 S.Ct. 620, 99 L.Ed. 905 (1955)).

## III. ANALYSIS

■ The Defendants' critique that the statutory text lacks optimum precision[1] does not compel the conclusion that the statute is ambiguous. The Defendants over-read the distinction between "a person" and "any person" within the context of this statutory scheme. A close reading of the statute reflects that Congress intended to punish each killing as a separate offense under § 2280(a)(1)(G).

As the statute lists the offenses in lettered subsections, they progress from narrow to broad. The first four subsections use the indefinite article, "a," to refer to specific, narrowly defined offenses. For example, one of the first subsections punishes violent acts against "*a* person," if that violence "is likely to endanger the safe navigation of that ship." § 2280(a)(1)(B) (emphasis added). The Defendants and the United States agree that multiple charges under this subsection raise no multiplicity concerns. *See* Resp. at 153; Reply at 3; *see also United States v. Shi*,

---

1. *See* Reply at 5.

525 F.3d 709, 720 (9th Cir.2008) (affirming convictions on two counts of § 2280(a)(1)(B) for killing captain and first mate).

Section § 2280(a)(1)(B), therefore, concerns only a relatively small subset of shipboard victims: those individuals who are involved in piloting or operating the vessel. With that premise established, the court must read § 2280(a)(1)(G) as broadening the protected class of victims to include other crew members and passengers. The shift in language does nothing to change the unit of punishment. The modifiers do indeed differ between the two subsections, but not for the reasons the Defendants suggest.[2]

Because the statutory scheme thus reveals legislative intent to define the unit of prosecution as each individual killing, the Defendants' ambiguity argument must fail. The Defendants are, therefore, not entitled to the presumption of lenity that attends a finding of ambiguity. Although the Defendants offer analogies to cases that have interpreted other Code provisions using the word "any," those cases depended on a threshold finding of ambiguity. *See, e.g., Bell v. United States,* 349 U.S. 81, 83–84, 75 S.Ct. 620, 99 L.Ed. 905 (1955); *United States v. Dunford,* 148 F.3d 385, 388–90 (4th Cir.1998); *United States v. Coiro,* 922 F.2d 1008, 1014 (2d Cir.1991); *United States v. Buczkowski,* 458 Fed.Appx. 311,

317–18 (4th Cir.2011). This court finds no such ambiguity in 18 U.S.C. § 2280.[3]

## IV. CONCLUSION

For the reasons stated herein, the Motion is **DENIED.** The Clerk shall forward a copy of this Order to counsel for each Defendant, and to the United States Attorney at Norfolk.

**IT IS SO ORDERED**

**2.** Accepting the Defendants' interpretation would lead to odd results. For example, a defendant who fights his way to the bridge of a ship to perform acts of violence on the captain and the navigator, in violation of § 2280(a)(1)(B), might injure or kill dozens of passengers along the way, in violation of § 2280(a)(1)(G). The court is not convinced that Congress intended to provide separate punishments for the first acts of violence, but only a single punishment for the second set of acts. Simply put, a life is a life, and a person

is a person, whether it be the captain, the navigator, a passenger, or anyone on board.

**3.** These cases also emphasize that the unit of prosecution analysis must focus on the number of transactions at issue. *See Bell,* 349 U.S. at 84, 75 S.Ct. 620; *Dunford,* 148 F.3d at 390; *Coiro,* 922 F.2d at 1014; *Buczkowski,* 458 Fed.Appx. at 318. The court does not consider multiple alleged shootings, even if closely related in time and space during a continuous event, to constitute a "single transaction" for purposes of prosecution.