[Cite as *State v. Lewis*, 2016-Ohio-7632.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-15-1297

      Appellee                            Trial Court No. CR0201502054

v.

John Lewis Smith, III                      **DECISION AND JUDGMENT**

      Appellant                            Decided:  November 4, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Dexter L. Phillips, Assistant Prosecuting Attorney, for appellee.

Patricia Horner, for appellant.

* * * * *

**JENSEN, P.J.**

{¶ 1} Following his conviction of six counts of forgery, defendant-appellant, John Lewis Smith, III, appeals the October 21, 2015 judgment of the Lucas County Court of Common Pleas.  For the reasons that follow, we reverse.

## A. Background

{¶ 2} On June 2, 2015, Oregon police officers initiated a traffic stop of a silver Chevy Malibu, driven by Smith, after observing that it lacked a front license plate. During the stop, it was discovered that the plate on the vehicle was actually registered to a blue Oldsmobile. The officers ordered the vehicle towed and conducted an inventory search. During that search they found 50 $20 denominations of U.S. currency, all with the same serial number.

{¶ 3} Smith was charged with 12 counts of forgery, violations of R.C. 2913.31(A)(3) and (C)(1)(a), and one count of operating a motor vehicle with invalid plates, a violation of R.C. 4549.08(A)(3)(c). On October 13, 2015, Smith agreed to enter a plea of no contest to six counts of forgery in exchange for dismissal of Counts 7 through 13. The trial court sentenced Smith to 10 months in prison on Counts 1 and 2, to be served concurrently to each other; 10 months in prison on Counts 3 and 4, to be served concurrently with each other, but consecutively to Counts 1 and 2; and 10 months in prison on Counts 5 and 6, to be served concurrently with each other, but consecutively to Counts 3 and 4. His aggregate prison term was 30 months.

{¶ 4} Smith appealed the trial court's judgment, and he assigns the following errors for our review:

     I. THE DOCTRINE OF MERGER APPLIED AT SENTENCING[.]

2.

## II.  THE PLAIN ERROR DOCTRINE PROTECTS APPELLANT'S ARGUMENT ON APPEAL THAT THE TRIAL COURT'S SENTENCE IS UNCONSTITUTIONAL[.]

### B.  Analysis

{¶ 5} Simply stated, Smith argues that the trial court violated his constitutional right not to be subjected to multiple sentences for the same offense.  He insists that his multiple convictions for possession of the counterfeit currency were identical in import, and were committed at the same time with a single animus.  Accordingly, he claims, the six counts should have merged at sentencing, resulting in a ten-month sentence only.

{¶ 6} The state contends that no Ohio court has addressed the question of whether multiple forgery convictions arising out of the possession of multiple counterfeit bills should merge at sentencing.  It urges us to conclude that the convictions should not merge.  The state acknowledges, however, that at least one federal court has addressed the issue and has determined that multiple counts of possession of counterfeit currency could not be sustained where the possession arose from a single act at a single time in a single location.  *U.S. v. Leftenant*, 341 F.3d 338, 347-348 (4th Cir.2003).

{¶ 7} In *Leftenant,* the defendant was charged with six separate offenses after he was found in possession of five counterfeit $20 bills and five counterfeit $50 bills.  He was charged with six counts because the groups of bills bore six distinct serial numbers. The Fourth Circuit vacated five of Leftenant's convictions and resulting sentences, reasoning that "a defendant cannot be convicted of multiple counts of possession when

multiple items of contraband are seized on a single occasion." *Id.* In support of its decision, it cited cases where it had held that a defendant could be convicted of only a single act of possession for the simultaneous possession of multiple packages of cocaine (*U.S. v. Bennafield*, 287 F.3d 320, 323-324 (4th Cir.2002)) or of multiple firearms (*U.S. v. Dunford*, 148 F.3d 385, 389-390 (4th Cir.1998)).

{¶ 8} Although not cited by either party, we have located additional federal cases examining the same or similar issues, some of which provide support for the state's position. In *U.S. v. Adriatico*, 637 F.Supp. 105 (N.D.Nev.1986), the defendant was charged with ten counts of possession of counterfeit reserve notes—one for each of ten $100 bills found in defendant's possession in a single envelope in the cab of the truck he was driving. The court denied the defendant's motion to dismiss the indictment. It applied the wording of the statute under which defendant was charged—18 U.S.C. § 472—in concluding that each note could form the basis for a separate offense. It reasoned that "[t]he statute does not prohibit possession of counterfeit bills generally; instead, it expressly prohibits possession of 'any falsely made, forged, counterfeited, or altered obligation or other security of the United States.'" The court concluded that "[t]he inclusion of the word 'any' * * * expresses Congressional intent that possession of any single counterfeit bill is an independent and divisible offense." *Id.* at 106.

{¶ 9} Similarly, in *U.S. v. LeMon*, 622 F.2d 1022 (10th Cir.1980), the defendant was charged, convicted, and sentenced on a four-count indictment for counterfeiting U.S. currency. There, the four $100 federal reserve notes at issue had been produced

4.

simultaneously on a press designed to process the four notes in one action. *Id.* at 1023. The defendant argued that the making of the four notes constituted only one act of counterfeiting. *Id.* But the trial court held that the operation of the printing machine produced four separate and distinct counterfeit notes, each one constituting a separate violation of the statute. *Id.* The Tenth Circuit affirmed. It held that the statute "prohibits the counterfeiting of 'any obligation or other security of the United States.' One act of counterfeiting cannot be included within another act of counterfeiting. It matters not when or how the counterfeit notes are made. Each is a violation of the statute." *Id.* at 1024.

{¶ 10} And in *U.S. v. Mitchell*, 176 Fed.Appx. 676, 678-679 (7th Cir.2006), the court rejected the appellant's claim that his convictions for multiple counts of possession of counterfeit currency should have been reversed. In *Mitchell*, the court found that multiple convictions were appropriate because "possession cases generally have permitted a defendant to be charged with multiple violations of the same statute if the items possessed were stored separately." *Id.* at 678. In *Mitchell*, the defendant stored separate amounts of counterfeit currency in separate places. *Id.*

{¶ 11} Most of the federal cases cited examine the offenses in terms of whether they are "multiplicitous." In Ohio, this examination requires application of R.C. 2941.25. *See State v. Painter*, 12th Dist. Clermont No. CA2014-03-022, 2014-Ohio-5011, ¶ 17 ("[T]he remedy for a multiplicitous indictment is to analyze the charges according to the allied offenses statute, R.C. 2941.25."). Under R.C. 2941.25(A), "Where the same

5.

conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one." Where, however, "the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."

{¶ 12} In other words, a defendant charged with multiple offenses may be convicted of and sentenced on all the offenses if any one of the following is true: (1) the conduct constitutes offenses of dissimilar import, (2) the conduct shows that the offenses were committed separately, or (3) the conduct shows that the offenses were committed with separate animus. *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, ¶ 13, citing *State v. Moss*, 69 Ohio St.2d 515, 519, 433 N.E.2d 181 (1982).

{¶ 13} Here, despite the federal cases reaching a contrary result, we find that the possession of multiple counterfeit currency of the same denomination, in a single place, on a single occasion, constitutes "allied offenses" for purposes of R.C. 2941.25, and the convictions and resulting sentences must be merged. Like the court in *Leftenant*, 341 F.3d 338, we analogize the possession of counterfeit currency to firearms possession cases.

{¶ 14} R.C. 2913.31(A)(3) provides that "No person, with purpose to defraud, or knowing that the person is facilitating a fraud, shall * * * [u]tter, or possess with purpose

to utter, any writing that the person knows to have been forged." R.C. 2923.13(A)(3)—which prohibits a person with a prior drug conviction from possessing a firearm—is worded similarly. It provides that "no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if * * *[t]he person is under indictment for or has been convicted of any felony offense involving the illegal possession, use, sale, administration, distribution, or trafficking in any drug of abuse * * *.

{¶ 15} In *State v. Pitts*, 4th Dist. Scioto Case No. 99 CA 2675, 2000 Ohio App. LEXIS 5211, *40-41 (Nov. 6, 2000), the defendant was convicted of eight different counts of possession for eight different weapons, but seven of those weapons were found in the same place. Applying this statute, the court concluded that "the statutory language does not evince an intent to make each weapon the relevant unit of prosecution rather than the transaction of having the weapons." *Id.* at *39-40. The court, therefore, concluded that "a defendant's simultaneous possession of several weapons in one location at one time is a continuous, indivisible act[,] * * * [t]hus, the simultaneous, undifferentiated possession of weapons by a person under a disability constitutes *only one offense* and not separate offenses for each weapon." (Emphasis supplied.) *See also State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 34 (2d Dist.) ("[W]e likewise find that a defendant can commit one offense of having weapons while under disability by the possession of multiple weapons.").

{¶ 16} The state does not address this analogy, but it argues that the *Leftenant* court's comparison of possession of counterfeit currency to the possession of cocaine is

7.

flawed because the weight of multiple packages of drugs can be aggregated to enhance the penalty. It contends that the same is not true where counterfeit currency is involved. Contrary to the state's assertion, the offense level under R.C. 2913.31 is determined by the value of the property involved. *See* R.C. 2931.31(C)(1). Thus, a higher value of counterfeit currency may result in a higher-level offense.

{¶ 17} Finally, because Smith failed to raise the issue of allied offenses in the trial court, we review his assignment of error under the plain-error standard. Crim.R. 52(B). *State v. Ewing*, 6th Dist. Lucas No. L-14-1127, 2015-Ohio-3804, ¶ 6. The plain error doctrine represents an exception to the usual rule that errors must first be presented to the trial court before they can be raised on appeal. It permits an appellate court to review an alleged error where such action is necessary to prevent a manifest miscarriage of justice. *State v. Long*, 53 Ohio St.2d 91, 95, 372 N.E.2d 804 (1978). In order to prevail under a plain error standard, an appellant must demonstrate that there was an obvious error in the proceedings and, but for the error, the outcome clearly would have been otherwise. *State v. Noling*, 98 Ohio St.3d 44, 2002-Ohio-7044, 781 N.E.2d 88, ¶ 62. Here, in light of our analysis, we find that the outcome would have been different had the issue been raised in the trial court.

{¶ 18} Accordingly, we find Smith's two assignments of error well-taken.

8.

## Conclusion

**{¶ 19}** We affirm, in part, and reverse, in part, the October 21, 2015 judgment of the Lucas County Court of Common Pleas. Appellant's convictions remain intact. The sentences for Counts 2 through 6 merge with the sentence for Count 1. The state is ordered to pay the costs of this appeal under App.R. 24.

Judgment affirmed, in part,
and reversed, in part.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                         _____
                                                              JUDGE
Stephen A. Yarbrough, J.

James D. Jensen, P.J.                        _____
CONCUR.                                                   JUDGE

                                                        _____
                                                              JUDGE