**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-4141**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMES B. CLAWSON, SR.,

        Defendant - Appellant.

---

**No. 22-4172**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

JAMES B. CLAWSON, SR.,

        Defendant - Appellant.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Rossie David Alston, Jr., District Judge.  (1:09−cr−00367−RDA−1)

---

Submitted:  February 24, 2023                    Decided:  May 17, 2023

---

Before AGEE, and RICHARDSON, Circuit Judges, and KEENAN, Senior Circuit Judge.

———————————

Affirmed by unpublished per curiam opinion.

———————————

**ON BRIEF:**  Nina J. Ginsberg, DIMUROGINSBERG, PC, Alexandria, Virginia, for Appellant.  Jessica D. Aber, United States Attorney, Richmond, Virginia, Jacqueline R. Bechara, Assistant United States Attorney, Seth M. Schlessinger, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James B. Clawson, Sr. was serving a term of supervised release for a conviction for distribution of child pornography when his probation officer discovered in Clawson's residence a laptop containing suspected child pornography. A grand jury, after being presented with several of the images found on Clawson's computer, returned a one-count indictment charging Clawson with possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B).

The case proceeded to trial, and a jury convicted Clawson on the sole count contained in the indictment. Additionally, the district court found that Clawson had violated the terms of his supervised release by (1) failing to answer the probation officer's inquiries truthfully, (2) failing to satisfactorily participate in a sex offender treatment program, (3) committing a new crime, and (4) using a sex-related website or electronic bulletin board to access child erotica or child pornography. The district court sentenced Clawson to the mandatory minimum sentence provided by statute for the possession of child pornography, a term of 120 months' imprisonment, and to a consecutive 10-month term of imprisonment for his supervised release violations.

Clawson raises three arguments on appeal: (1) the district court plainly erred in its instruction to the jury on the meaning of "lascivious exhibition of the anus, genitals, or pubic area" under 18 U.S.C. § 2256(2)(A)(v); (2) the district court and the government constructively amended Clawson's indictment in violation of Clawson's Fifth Amendment rights; and (3) the district court abused its discretion when it imposed a 10-month

consecutive sentence for Clawson's supervised release violations.  We disagree with Clawson's arguments.

Initially, we reject Clawson's contention, raised for the first time on appeal, that the district court erred because it should have instructed the jury that "lascivious exhibition" means a visual depiction "in which a minor . . . engages in conduct displaying their anus, genitalia, or pubic area in a lustful manner that connote[s] the commission of sexual intercourse, bestiality, masturbation, or sadistic or masochistic abuse," that is, "hard core" sexual conduct.[1]  *See United States v. Hillie*, 14 F.4th 677, 685, 687, 688 (D.C. Cir. 2021) (*Hillie I*), *amended on rehearing by United States v. Hillie*, 39 F.4th 674 (D.C. Cir. 2022) (*Hillie II*).  In support of his argument, Clawson relies on the D.C. Circuit's now-vacated decision in *Hillie I*, which issued shortly after Clawson's trial.

Not only has the D.C. Circuit since abandoned on rehearing the definition Clawson urges us to apply on appeal, *see Hillie II*, 39 F.4th at 685,[2] but his proposed definition also contradicts this Court's prior interpretation of "lascivious exhibition."  We have defined

_____

[1] To the extent Clawson contends that the district court erred when it included the six factors from *United States v. Dost*, 636 F. Supp. 828 (S.D. Cal. 1986), in the jury instruction for "lascivious exhibition," Clawson's argument lacks merit.  Clawson asked the district court to include those factors in the jury instruction, and he cannot now complain of this invited error on appeal.  *United States v. Bennafield*, 287 F.3d 320, 325 (4th Cir. 2002) ("We need not address whether the instruction constituted error . . . because any error was clearly invited by [the defendant], who specifically requested the jury instruction of which he now complains.").

[2] *See also United States v. Hillie*, 38 F.4th 235, 236 (D.C. Cir. 2022) (denial of rehearing en banc) (Wilkins, J., concurring) (explaining that the panel granted rehearing because it recognized that *Hillie I* "could be read to have inadvertently narrowed the statutory language beyond its plain and ordinary meaning").

"lascivious exhibition" as "a depiction which displays or brings forth to view in order to attract notice to the genitals or pubic area . . . to excite lustfulness or sexual stimulation in the viewer." *United States v. Cohen*, 63 F.4th 250, 256 (4th Cir. 2023) (quoting *United States v. Courtade*, 929 F.3d 186, 192 (4th Cir. 2019)). Unlike the definition from *Hillie I*, our interpretation does not require that the image connote the commission of any other sex act. Because the district court would have violated our Circuit precedent by using the *Hillie I* definition in the jury instructions, we conclude that its failure to do so was not error.[3] *See Doe v. Chao*, 511 F.3d 461, 465 (4th Cir. 2007) ("It is axiomatic that in our judicial hierarchy, the decisions of the circuit courts of appeal[] bind the district courts."). And, even if the district court had erred, any error would not have been "plain" because neither the Supreme Court, nor this Circuit, nor any of our sister circuits define "lascivious exhibition" in the manner Clawson now endorses on appeal. *See United States v. Carthorne*, 726 F.3d 503, 516 & n.14 (4th Cir. 2013).

Next, applying de novo review, *United States v. Malloy*, 568 F.3d 166, 177 (4th Cir. 2009), we reject Clawson's contention that the indictment was constructively amended in violation of the Fifth Amendment when (1) the government introduced images and videos

---

[3] Because the district court did not err, we need not address Clawson's related argument that insufficient evidence supported his conviction under the definition set forth in *Hillie I*. Clawson also asserts, however, that he brings a general challenge to the sufficiency of the evidence to support his conviction, rather than challenging only the court's alleged instructional error and the sufficiency of the evidence under his proposed standard. Because he raises this alternative contention for the first time in his reply brief, we reject this argument as waived. *Grayson O Co. v. Agadir Int'l LLC*, 856 F.3d 307, 316 (4th Cir. 2017).

at trial that were not presented to the grand jury, and (2) the district court did not give the jury a special verdict form requiring the jury to specify which image or video the jury "unanimously agreed met the criteria for child pornography."

The Fifth Amendment provides that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury." U.S. Const. amend. V. This Fifth Amendment right may be violated if the government's presentation of evidence or the court's jury instructions "change[s] the elements of the offense charged, such that the defendant is actually convicted of a crime other than that charged in the indictment." *United States v. Randall*, 171 F.3d 195, 203 (4th Cir. 1999) (citation omitted); *see United States v. Moore*, 810 F.3d 932, 936 (4th Cir. 2016) ("[W]hen a constructive amendment claim rests on allegedly erroneous jury instructions, a reviewing court is to consider the totality of the circumstances . . . to determine whether a jury could have 'reasonably interpreted' the challenged instructions as 'license to convict' on an unindicted charge." (citation omitted)).

If different evidence is presented at trial and such evidence does not alter the crime charged in the indictment, then the change is a "mere variance." *Randall*, 171 F.3d at 203. A defendant's Fifth Amendment right is violated by the presentation of different evidence only if the change "prejudices the defendant either by surprising him at trial and hindering the preparation of his defense, or by exposing him to the danger of a second prosecution for the same offense." *Id.*

Here, both the evidence presented to the grand jury and the images and videos presented at trial related to the same crime charged in the indictment, namely, knowing

6

possession of matter containing a visual depiction of a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(4)(B). *See Richardson v. United States*, 526 U.S. 813, 817–18 (1999) ("[A] disagreement about means . . . would not matter as long as all 12 jurors unanimously concluded that the Government had proved the necessary related element."). Clawson does not identify, and the record does not reveal, any element of the crime that was altered by the government's presentation of evidence or by the use of a general verdict form. *Cf. United States v. Kearn*, 863 F.3d 1299, 1310 (10th Cir. 2017) (holding that § 2252(a)(4)(B) does not "require unanimity as to which images formed the basis for conviction). Thus, we conclude that any change in the evidence presented was a "mere variance." *See Randall*, 171 F.3d at 203.

Also, the record does not show that this variance caused Clawson to suffer any prejudice. Indeed, nearly one year before the trial, the government mitigated any potential "surpris[e]" Clawson might otherwise have faced by providing a bill of particulars identifying the 127 images and the two videos the government intended to introduce at trial. *See Malloy*, 568 F.3d at 178. We thus conclude that no Fifth Amendment violation occurred.

Finally, we hold that the district court did not abuse its discretion when it imposed a 10-month consecutive sentence for Clawson's supervised release violations. *United States v. Puckett*, 61 F.3d 1092, 1097 (4th Cir. 1995). After considering the nature of Clawson's offense and his lack of remorse, Clawson's "reproachable" criminal history, the need to deter Clawson from committing another child-pornography-related crime, and the need to protect the public, the district court imposed a presumptively reasonable within-

7

Guidelines revocation sentence of 10 months' imprisonment. *See United States v. Gibbs*, 897 F.3d 199, 204 (4th Cir. 2018). The court acknowledged its discretion to impose this sentence concurrently or consecutively, and ultimately acted in accordance with the relevant United States Sentencing Guidelines policy statement when it elected to impose a consecutive sentence. *See* U.S.S.G. § 7B1.3(f) & cmt. 4. We discern no error or abuse of discretion in the district court's decision. *See Gibbs*, 897 F.3d at 204 ("[A] sentence passes substantive muster if the totality of the circumstances indicates that the court had a proper basis for its conclusion that the defendant should receive the sentence imposed." (quotation marks and citation omitted)).

For these reasons, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*